Oakley J.
When this case was formerly before us, we considered it the settled doctrine of the Supreme Court, that when an action is brought on a judgment obtained in another state, the defendant may plead any fact which goes to show, that the court, rendering the judgment, had not jurisdiction of his person. As the case now presents itseltj the defendants have in their plea averred, *304 that they were never residents or inhabitants of Massachusetts, and that they never appeared to the action commenced in that state. In answer to this plea, the plaintiff sets up, by way of estoppel, that it appears by the record of the judgment, that the defendants did appear in that suit: and the question now is, whether the averment of that "fact, on the face of the record, is conclusive evidence of it.
If the principle of our Supreme-Court is a sound one, (and we are bound to consider it so,) it must be followed out to its legitimate results. If a defendant has a right, in pleading, to deny the jurisdiction of the foreign court, it would be idle to permit that jurisdiction to be conclusively established against him, by the mere act of the officers of that court, in making up a record of the judgment. The court, in the very act of giving the judgment, avers jurisdiction of the defendant’s person; and that averment is not the stronger, because it is specially entered in the proceedings of the court.
Though, in pleading, judgments obtained in our own courts, may be held to be conclusive as to their averments, yet the courts will take care, that they shall not be so in effect, when justice requires that they should be open to inquiry. Thus in Denton v. Noyes, [6. J. R. 296,] it was held, that where an attorney appeared for a defendant without authority, the court would con/sider it a good appearance upon the record.. But they said, they would guard the defendant against the consequences of such an unauthorized appearance, by permitting him to come in and plead, if he had a -defence, though the judgment was suffered to stand as a security for the plaintiff. The court thus adhered formally to the rule, that the averment of appearance, on the record, should be held to be true, but practically considered it of very little consequence.
If the averment, of the appearance of the defendants, in the present record, were held to be conclusive, a greater practical effect would, in truth, be given to the judgment, than if it were obtained in our own courts. The case of Denton v. Noyes, shows that the defendant, when an unauthorized appearance has been entered for him, may have effectual relief upon motion; and it is *305 presumed, that similar relief would be afforded in a like case, in Massachusetts. No such relief can be sought in the present case, . . 11 m the courts of this state, and the defendant ought not to be compelled to go to Massachusetts, to apply to a court there, to set aside a judgment, which, if his allegation be true, that court had no right to render.
The simple course is to permit that to be done here, by plea, which would be done by motion, if this were a domestic judgment.
It was said at the bar, that the Supreme Court in Wheeler v. Raymond, [8. Cow. R. 311,] had virtually decided, that a defendant, in a case like the present, is concluded, by the averment of his appearance on the record. I do not so understand that case. The plaintiff there, in pleading a judgment in Vermont, averred the appearance of the party in the court of that state. That averment was not denied in the replication, and like every other fact, alleged in pleading and not denied, was of course admitted. The Chief J ustice, it is true, observes, that “ by the record set forth in the plea, “ it appears, that the party did appear by his attorney, and he is, “ therefore, concluded by the judgment.” But he is clearly to be understood as saying, that the party was concluded, not merely because the fact of appearance was stated on the record, but because it was averred in the plea. It was the common case of an averment by one party, and an admission of the truth of the averment by the other.
In Adrich v. Kenney, [4 Con. Rep. 380,] the point now before us, was expressly decided by a court of great respectability. The action was debt on a judgment obtained in Rhode Island, and the plea was, in substance, similar to that in the present case. The plaintiff replied, that the defendant appeared to the action in Rhode Island, by his attorney, duly appointed, and pleaded therein. The rejoinder was, that the defendant did not appear and plead by his attorney duly and legally constituted. On the trial, the judgment record was produced, and that showing an appearance of the defendant by attorney, it was held conclusive; and the defendant was not permitted to prove, that the attorney of record was not authorized to appear for him. The court granted a new trial, on the ground that the proof offered by the defendant *306 ought to have been admitted. Chief Justice Hosmer, in a very elabórate opinion, recognizes the doctrine of our Supreme Court, as to the effect of a judgment obtained in another state: and he held, that the averment of the appearance of the defendant, contained in the record, was not conclusive. He remarks, (what is well known to be generally true,) that “the attention of the court “is seldom, if ever called to the inquiry, whether a person, claim- “ ing to be the attorney of a party is really such; and the record, “ by the management of the plaintiff, need never be destitute of “this affirmation.”
I am of opinion, that the plaintiff, in the case before us, should have taken issue on the fact of the appearance of the defendants, in the court of Massachusetts. The averment in the record may avail him on the trial, as prima facie proof of the fact; but it cannot be set up as an estoppel, either in pleading, or in evidence.

Judgment for the defendants on the demurrer, with leave for the plaintiff to withdraw his replication, and take issue on the plea.

[Betts and Benedict, Attys. for the plff. W. P. Hawes, Atty. for the deft.]