The Court decided, that the replication was bad on the general principle, that the law of Alabama could not give jurisdiction over the person of the defendant, who was not within that state, at the time the suit, upon which the judgment was founded, was commenced, nor at any time afterwards, and who had not in any way submitted himself to the jurisdiction of the court, which rendered the judgment. The judgment, (it was said,) did not bind the defendant personally, nor make his separate property subject to it. If he could not by plea deny the jurisdiction of the court, the judgment obtained in Alabama would be conclusive, and would in effect become as extensive as a domestic judgment *372 subjecting both the person and property of the defendant to its power.
The case was considered as within the principles of the previous ases of Harrod v. Barretto, [vol. 1 page 155, and ante page 302.] and as having been decided in effect, by the Supreme Court, in the late cases before them.—See 6 Wend. R. 447. Shumway v. Stittman.

The court, therefore, gave judgment for the defendant on the demurrer, with leave to the plaintiffs, to withdraw their replication and fimend their pleading.

[G. W. Strong, Att’y for the plffs.]