Hoffman, J.,
delivered the opinion of the court. The question is, what is the effect of the judgment recovered in Missouri against Barber, one of the parties to the bill of exchange, upon the action here ?
If that judgment had been recovered in any competent tribunal of this state, or of any sister state, without such a particular statute as exists in Missouri being before us, the case would be a simple one. The authorities are decisive, that a judgment recovered upon a note, given by one copartner for the debt of the firm, or a judgment against one upon the original cause of action, is a bar in favor of the rest, to a subsequent suit. (Peters v. Sandford, 1 Denio, 224; Pierce v. Kearney, 5 Hill, 85; Robertson v. Smith, 18 Johnson’s Rep. 459; McMasters v. Vernon, 3 Duer’s Sup. Court Rep. 250.)
The sections of the statute of Missouri referred to are as follows: “ 1st. All contracts which by the common law are joint only, shall be construed as joint and several. 2d. In all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable.” (Rev. Stat. Missouri, 1845, p. 112.)
The first of the important questions discussed by counsel which I shall examine is, the effect which we are warranted in supposing would be given to the judgment in the courts of Missouri, if the present action had been brought there.
Besides the statute before quoted, there is another provision of some consequence. It is, that “ every person who shall have a cause of action against several persons, and be entitled by law to only one satisfaction therefor, may bring suit thereon jointly against all, or as many of the persons liable, as he may think proper.” (R. S. 812, § 20.)
The holder, then, of a bill of exchange or promissory note, accepted or drawn by partners, could sue one of them alone; and it seems almost necessarily to follow, that a recovery on such a suit for a separate liability would not preclude an action against the others. It becomes, by force of the statute, the ordinary case of a joint and several responsibility, when a recovery against one without actual satisfaction, would be no bar to an action against the other. This common law rule has been regulated by various statutes in many states. (Chitty on Pleadings, vol, i, p. 43, a. 4.)
*39 When, therefore, the plaintiffs had elected to sue in Missouri one defendant, they sued under provisions of a statute passed before the contract, and valid in that state. Had the contract been made there, a subsequent action against the other partners, brought in that state, could have been sustained. And thus, if a suit had been brought in Missouri like the present, the question would have been reduced to this—whether the contract, treated as made in New York, would vary the rule otherwise applicable ?
Without entering into a question which would lead us far into a difficult subject, I may observe, that it appears to me difficult to support the proposition that the law of New York as to a separate judgment discharging a joint liability, so enters into the contract, that the law of another state, in which the suit is brought, holding that it shall not have that effect, would be unconstitutional. What is it in reality but a mode of redress ? Instead of being obliged to sue altogether, and take, as in New York, a judgment, effective by execution only against joint-stock property, and against those served, you may sue one alone, take the proper relief against him, proceed afterwards against the rest, and get further relief against them.
But the question is, must not the case be governed by the law of New York? The contract was made here; the bills were drawn in Ohio and Missouri upon a house here, and the parties were and are resident here. The money was paid in .New York. In truth it was a mere advance of money for the use of the defendants, with the bills for vouchers. The contract to repay arose in the place were the loan was made; and the parties are sued here. Oan, then, the existence of a different rule in Missouri change the rule in New York, or prevent its application?
The constitutional provision is, “ that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state; and Congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof.” Congress, then, in the statute of 1790, provided, “that such records and judicial proceedings (authenticated' as therein prescribed) shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the state from whence the said records are or shall be taken.”
*40 Is it the meaning of the act that the judgment is to have the same operation in every other state as it had as a judgment in the state in which it was rendered, or is it that it shall have the same operation as a domestic judgment would have in the state in which it may be produced ?
Justice Wayne, in McElmoyle v. Cohen, (13 Peters, 326,) says, “that faith and credit, then, is given in the states to the judgments of their courts. They are record evidence of a debt, or judgments of record, to be contested only in such way as judgments of record may be; and consequently conclusive upon the defendant ip every state, except for such causes as would be sufficient to set aside the'judgment in the courts of the state in which it was rendered. In other words, as has been said by a commentator upon the constitution: “If a judgment is conclusive in a state where it is pronounced, it is equally conclusive everywhere in the states of the Union. If re-examinable there, it is open to the same inquiries in every other state. (Story’s Com. 183.) It is therefore put upon the footing of a domestic judgment; by which is meant, not having the operation and force of a domestic judgment beyond the jurisdiction declaring it to be a judgment; but a domestic judgment as to the merits of the claim, or subject matters of the suit.”
The application of the rule thus stated in the Supreme Court, in the case cited, was this: the action was in the state of Georgia, upon a judgment recovered in South Carolina. A plea of the statute of limitations of Georgia was interposed and supported. There was an express statute in Georgia that actions of debt on judgments obtained, in courts other than the courts of the state, must be brought within five years after judgment obtained.
The court declare that a plea of the statute of limitations was a bar to the femedy, and consequently the lex fori must prevail. And the court say: “ There is no direct constitutional prohibition upon the states, nor any clause of the constitution from which it can be even plausibly inferred,' that the states may not legislate upon the remedy in suits upon the judgments of other states, exclusive of all interference with their merits. Suits must be brought upon judgments within the period prescribed by the local law, the lex fori, or they will be barred.”
In the Bank of Alabama v. Dalton (9 Howard, 528) the decision *41 cited was affirmed, and Justice Catron, in delivering the opinion of the court, observes: “ The legislation of Congress amounts to this—that the judgments in another state shall be record evidence of the demand, and that the defendant, when sued upon the judgment, cannot go behind it and controvert the contract or other cause of action on which the judgment is founded; that it is evidence of an established demand, which, standing alone, is conclusive between the parties. This is the whole extent to which Congress has gone. As to what further ‘ effect’ Congress may give to judgments rendered in one state, and sued on in another, does not belong to this inquiry. We have'to deal with the law as we find it, and not with the extent of power Congress may have to legislate further in this respect. That the legislation of Congress, as far as it has gone, does not prevent a state from passing acts of limitation to bar suits on judgments rendered in another state, is the settled doctrine of this court.” See further the learned opinion of Justice Wayne in Townsend v. Jamieson, (9 Howard, 407.)
In the case of the Bank of the United States v. The Merchants' Bank of Baltimore (7 Gills. Mary. Rep. 416) the construction of the Constitution and act of Congress was carefully considered. It was held that a judgment recovered in Pennsylvania between the same parties, for the same cause of action, might be specially pleaded to an action in Maryland, though commenced first and pleaded to. That such judgment was as conclusive evidence of a debt from the defendant to the plaintiff in Maryland as it was in Pennsylvania. That the original cause of action was merged there by the judgment, and therefore was extinguished in Maryland. Hence that the action of assumpsit could not be maintained.
The exposition of the statute is thus expressed by Judge Le Grand: “Judgments of a state court shall have the same faith and credit and validity as in the state where they were rendered, so far as their existence, and their conclusiveness on the merits of the original cause of action is concerned, and therefore are not to be impeached, except on the ground of a want of jurisdiction or fraud; but beyond this they are to be considered as foreign judgments, and to be dealt with accordingly.” The same doctrine is substantially stated by Martin, Justice, in the court above.
Brayle v. McClellan, (7 Gill. & John. 443,) in the Court of Appeals of Maryland, determined that the judgment of another state *42 was not to be placed on a footing with a domestic judgment in the distribution of assets, but was to be treated only as a foreign judgment, and therefore a simple contract debt, according to the original character of the demand. Although the judgment had a preference in Pennsylvania, where it was obtained under a statute, it had none in Maryland, where the assets were distributable under the law of that state.
In Candee v. Clark & Brown (2 Michigan Rep. 255) the plaintiff had recovered, in a court in Ohio, a judgment against one of the parties to a promissory note, signed in their partnership name. In an action upon the note, in Michigan, against both, it was held that the judgment was a bar to the recovery. The original joint liability being at an end, the note was no longer a subsisting contract against both. The plaintiffs had elected to proceed to judgment against Brown alone, under the statute of Ohio.
I have carefully examined the statute book of Ohio, and find no such provision as in Missouri, (Chase’s Stat. Ohio, vol. 3, p. 1680.)
The general principle of law, independently of the effect of the Constitution and act of Congress referred to, would decide this case in favor of the defendants. Although the law for expounding a contract is the law of the place in which it was made, the remedies for enforcing it must be the law of the place in which it is sued. Doun v. Lippmann (5 Clark & Finelly, 1) is a leading authority upoti this point in the House of Lords. And in Townsend v. Jamieson (9 Howard, 407) the Supreme Court state the rule thus: “The obligations of the parties to a contract, except in a well-known case, are to be -expounded by the lex loci contractus. Suits brought to enforce contracts, either in the state where they were made, or in the courts of other states, are subject to the remedies of the forum in which the suit is brought, including the statute of limitations.”
We may also refer to that class of eases in which such judgments are disregarded, when they have been -recovered in other states against parties not served with process, or not appearing voluntarily. It is sufficient to refer, on this point, to the cases in this court of Harrod v. Baretto, (1 Hall, 155; 2 Hall, 302,) and Wilson v. Niles, (2 Hall, 358). In the latter case there was a judgment in Alabama against three partners upon a bill of exchange of the firm.
*43 One was served, and by a statute of that state it is provided, “ that where the suit is against all, and one is served, the plaintiff may proceed to judgment as if the writ had been served on all, and the judgment shall be equally valid and effectual.” The defendant in the suit in this court had not been served, and the court held, that the law of Alabama could not give jurisdiction over his person, as he was not within that state when the judgment was rendered, and that the judgment, therefore, neither bound him personally, nor his separate property.
In the present case we are called upon to give to the judgment of the tribunal of Missouri a totally different effect from that we would give to a judgment in another court of our own state. We have not found an authority to show that such a judgment shall, in its operation, go beyond, or have a different effect from, a mere domestic judgment. We are required to attribute such variant operation to it, by force of a statute of Missouri, inconsistent with the settled law of New York. In effect, then, the foreign statute would supersede the domestic law. We do not think that any rule of judicial comity, or any construction of the law of Congress, renders this obligatory; on the contrary, we apprehend that entire deference to both is rendered when the judgment in question is held to be absolutely conclusive upon the defendant Barber, as to his responsibility for the demand upon the bill, as he has not questioned the jurisdiction of the court or the fairness of the proceedings ; but that as to the other defendants, the law of this state must prevail, and by that law the separate judgment has merged the demand.
We conclude that the judgment at Special Term dismissing the complaint must be affirmed, "with costs.