### JONASSON v. EAMES et al.

(Supreme Court, General Term, First Department. January 13, 1893.)

1. NONSUIT—FAILURE OF PROOF.
  Whether a case may be taken from the jury depends, even where the issue is one of fraud, not on there being no evidence to sustain a verdict, but on its sufficiency.

2. SAME.
  The fact that what evidence there was came from defendant under plaintiff's examination makes no difference in regard to taking the case from the jury.

Appeal from circuit court, New York county.

Action by Meyer Jonasson against Edward E. Eames and others, composing the firm of H. B. Claflin & Co., Albert Blumenthal and others, composing the firm of Blumenthal Bros. & Co., and Nora Boynton. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The action is in replevin, brought by the plaintiff to recover cloaks alleged in the complaint to be of the value of $4,700. The complaint sets forth that the plaintiff is the owner and entitled to the immediate possession of certain property described in a schedule annexed thereto, and that the defendants wrongfully took and wrongfully became possessed of the same, and refused to return the same on demand. There are three sets of defendants, (who have appeared herein by separate attorneys,)—one set being the members of the firm of H. B. Claflin & Co.; another, the members of the firm of Blumenthal Bros. & Co.; and the third, Nora Boynton individually. The schedule attached to the complaint under the general designation of "cloaks" describes only by dates and numbers the property claimed. All of the defendants answered. The defendants Blumenthal Bros. & Co., after raising the general issue, alleged that the property referred to in the complaint had been sold and delivered by the plaintiff to the defendant Nora Boynton, who became the owner thereof, and who thereafter disposed of some portion thereof in the regular course of trade; and that, prior to the commencement of the action, she executed and delivered to the defendants Blumenthal Bros. & Co. a chattel mortgage covering such property, given by her to secure the payment of certain moneys which were at that time loaned to her by said Blumenthal Bros. & Co., together with a precedent indebtedness for merchandise sold by them to her, amounting altogether to the sum of $15,000, for which sum at the same time said Nora Boynton gave to said defendants her promissory note, payable on demand; that thereafter, and before the commencement of this action, demand having been made upon the said defendant Nora Boynton for payment of the amount of said note, and the same having been refused, these defendants Blumenthal Bros. & Co. entered into possession of the property covered by the mortgage; that the mortgage had been duly filed in the office of the register of the city and county of New York. The defendants composing the firm of H. B. Claflin & Co. also pleaded a chattel mortgage made and delivered to them by the defendant Nora Boynton to secure the payment of a promissory note for $35,000, payable sixty days after date, given for money loaned at the date thereof, added to a prior indebtedness. At the time of the commencement of the action the plaintiff issued to the sheriff of the city and county of New York a requisition to replevin the property claimed by him,

which was described in a schedule attached to his affidavit by dates and numbers, exactly as in the schedule attached to the complaint, and covering exactly the same goods. Under this requisition the sheriff seized a large quantity of goods which the defendants retained in their possession by giving a bond, as required by the statute. Thereafter the sheriff filed his return, wherein he certified that on the 20th of December, 1889, he took from the possession of the defendants Albert Blumenthal, Gustave Blumenthal, and Gustave Rothenberg (Blumenthal Bros. & Co.) a quantity of "ladies' garments," claimed by plaintiff to be the property described" in the affidavit of replevin; and further certified that the defendants had counterbonded the property. The plaintiff sought to prove his title to the goods in question by showing that they had been purchased from him by the defendant Nora Boynton by fraud, consisting of alleged false representations respecting her credit, made to a Mr. Rothschild, in plaintiff's employ; and that, therefore, the title had not passed from him to her. He then proceeded in his own behalf to show the circumstances under which the defendants Claflin & Co. and Blumenthal Bros. & Co. obtained their respective mortgages, and called as witnesses for that purpose Mr. Albert Blumenthal, of Blumenthal Bros. & Co., Mr. Jordan, of Claflin & Co., and Mr. Boynton, as well as various other persons. After the plaintiff had rested his case, defendants Claflin & Co. and Blumenthal Bros. & Co., through their respective counsel, moved to dismiss the complaint on the grounds set forth in the case, which, briefly summarized, were that sufficient identification was not made of the goods set forth in the complaint and affidavit of replevin with those claimed to have been found in the defendants' possession and replevined by the sheriff, nor of the value thereof, which would enable the jury to formulate a verdict; that plaintiff had failed to prove fraud on the part of the defendant Nora Boynton in the purchase of the goods in question, which permitted him to rescind the sale; and that there was an entire failure of proof of any fraud, or participation in fraud, on the part of Blumenthal Bros. & Co. and H. B. Claflin & Co., or notice to them of any fraud committed by Nora Boynton; and that the evidence conclusively showed that they were mortgagees of the property in question in good faith, for a valuable consideration, and without notice of any defects in their mortgagor's title. The complaint was thereupon dismissed upon all the grounds set forth in the respective motions and specifically upon the failure of the plaintiff to identify the goods, and that it affirmatively appeared without dispute that the defendants Blumenthal Bros. & Co. and H. B. Claflin & Co. were bona fide mortgagees of the property for a valuable consideration, without notice of any defects in their mortgagor's titles, and upon a further ground in so far as the Claflins were concerned. The plaintiff's attorney duly excepted to the granting of the motion for a nonsuit, and requested to go to the jury upon the issue of fraud involved in the case; also upon the bona fides and circumstances surrounding the giving of these mortgages as disclosed by the evidence; and also upon every other question of fact and issue of fact in the case. This motion was denied, and the plaintiff's counsel duly excepted thereto.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

Blumenstiel & Hirsch, (A. Blumenstiel, of counsel,) for appellant.
S. F. Kneeland, for respondents Claflin and others.
Stern & Rushmore, for respondents Blumenthal and others.
John J. Adams, for respondent Boynton.

LAWRENCE, J.  I am in favor of affirming the judgment dismissing the complaint. Even if it be conceded, as is contended for by the appellant's counsel, that the defendants' were estopped from alleging that the chattels referred to in the complaint were not in their possession, and that they were not sufficiently identified upon the trial, for the reason that they had given an undertaking under the provisions of the Code to rebond the property, (Martin v. Gilbert, 119 N. Y. 298, 23 N. E. Rep. 813, and 24 N. E. Rep. 460,) it seems to me that the bona fides

of the mortgages executed by Boynton to Claflin & Co. and Blumenthal Bros. & Co. were so thoroughly established by the preponderance of proof that the learned justice before whom the cause was tried would not have been justified in submitting that question to the jury. The authorities establish that, if the evidence in cases of this nature would be insufficient to sustain a verdict for the plaintiff, the court is justified in taking the case from the jury, even though the issue is one of fraud. In Dwight v. Insurance Co., 103 N. Y. 341, 358, 8 N. E. Rep. 654, the court say:

"It is claimed by the plaintiffs that, if there is a scintilla of evidence in support of a proposition, or if the evidence against it does not amount to a demonstration, that a question is raised which must be left to the jury. We do not so understand the rule. If the proof of a fact is so preponderating that a verdict against it would be set aside by the court as contrary to the evidence, then it is the duty of the court to direct a verdict. It was said in Baulic v. Railroad Co., 59 N. Y. 356, 366, by Judge Allen, that 'it is not enough 'to authorize the submission of a question as one of fact to the jury that there is "some evidence." A scintilla of evidence, or a mere surmise, that there may have been negligence on the part of the defendants, would not justify the judge in leaving the case to the jury;' quoting from Williams, J., in Toomey v. Railway Co., 3 C. B. (N. S.) 146. See Culhane v. Railroad Co., 60 N. Y 133, 136; McKeever v. Railroad Co., 88 N. Y. 667. In Hyatt v Johnston, 91 Pa. St. 200, Justice Sterrett says: 'Since the scintilla doctrine has been exploded, both in England and in this country, the preliminary question of law for the courts is not whether there is literally no evidence, or a mere scintilla, but whether there is any that ought reasonably to satisfy the jury that the fact sought to be proved is established;' citing Ryder v. Wombwell, L. R. 4 Exch. 39. The rule held by the supreme court of the United States is expressed by Mr. Justice Clifford in Improvement Co. v. Munson, 14 Wall. 442, as follows: 'Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. Formerly it was held that, if there was what was called a "scintilla of evidence" in support of a case, the judge was bound to leave it to the jury; but recent decisions of high authority have established a more reasonable rule,—that in every case, before the evidence is left to the jury, there is a preliminary question for the judge. not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof rests.' To the same effect are Pleasants v. Fant, 22 Wall. 120; Commissioners v. Clark, 94 U. S. 284; Griggs v. Houston, 104 U. S. 553; Bagley v. Rolling Mill, 21 Fed. Rep. 159; Wittkowsky v. Wasson, 71 N. C. 451."

See, also, Morris v. Talcott, 96 N. Y. 100–104; Macullar v. McKinley, 99 N. Y. 353–357, 2 N. E. Rep. 9; Bulger v. Rosa, 119 N. Y. 459–463, 24 N. E. Rep. 853; Powers v. Railroad Co., 60 Hun, 19–23, 14 N. Y Supp. 408.

The fact that the evidence adduced by the plaintiff respecting the bona fides of the mortgages came from the examination of the defendants, and those in their employ, did not require the justice to submit that question to the jury. The evidence was uncontradicted that the mortgages had been given, not only for past indebtedness, which would not have been sufficient to have constituted the defendants bona fide purchasers of Boynton, but that they were given for additional loans, made without any knowledge on the part of the defendants Claflin & Co. and Blumenthal & Co. that there had been any fraud committed by Boynton in the purchase of the goods from the plaintiff. In the case of Lomer v. Meeker, 25 N. Y. 361, it was held that the fact that the jury may

choose to discredit evidence not impeached, and not incredible on its face, is no reason for submitting it to them. In that case the court said:

"It is a 'mistake to suppose that, because the evidence came from the defendant after the plaintiff had rested, the case must go to the jury. In Pratt v. Hull, 13 Johns. 334, it was held to be the duty of the court to nonsuit when the evidence offered by the plaintiff did not support his action, and that it was error to refuse the nonsuit, for which a bill of exceptions would lie. In Foot v. Sabin, 19 Johns. 158, Judge Spencer says: 'If the court can rightfully nonsuit the plaintiff upon undisputed facts, when the law is against him, they ought to do so; and the refusal to do it is error in point of law.' * * * The judge in this case should therefore have nonsuited plaintiff, or dismissed the complaint, which is equivalent to a nonsuit. The argument is that this could not properly be done, because there was a question of credibility raised in respect to the witness Bock, who proved the usury. But this objection is untenable. The witness was not impeached or contradicted. His testimony is positive and direct, and not incredible upon its face. It was the duty of the court and jury to give credit to his testimony. The positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by the court or jury arbitrarily or capriciously. They are bound to believe, for judicial purposes, such testimony."

See, also, Kelly v. Burroughs, 102 N. Y. 93, 16 N. E. Rep. 109.

That the defendants made the loans in question in good faith cannot, I think, be disputed upon the testimony in this case. Nora Boynton had been placed in possession of the property with all the indicia of ownership, and the fact that the defendants made their loans upon the faith of such possession, and without any notice of any fraud upon her part in purchasing the goods from the plaintiff and acquiring possession thereof, is overwhelmingly established by the proofs. See Simpson v. Del Hoyo, 94 N. Y. 189; Valentine v. Lunt, 115 N. Y. 496, 22 N. E. Rep. 209. The evidence in the case does not show that the defendants had constructive notice of the intention of Nora Boynton, if such an intention existed, to defraud the plaintiff in purchasing the goods in question. See Parker v. Conner, 93 N. Y. 118; Stearns v. Gage, 79 N. Y. 102. In Stearns v. Gage it was held that a purchaser for a valuable consideration is not chargeable with constructive notice that the conveyance to him was made by his vendor with intent to defraud creditors, and that actual notice is required to impair or affect his title. In Parker v. Conner, it was held that, in order to render a sale for a valuable consideration of personal property delivered at the time of the sale, and taken into actual possession of the vendee, invalid, as against the creditors of the vendor, it is necessary to show that the vendee had actual knowledge or belief, or at least actual suspicion, that the sale was being made with intent on the part of the vendor to defraud his creditors. It was further held that no duty of active diligence is cast upon the purchaser, in favor of the creditor, requiring him to suspect and investigate the motives of the vendor; and that while, if he knows or believes them to be fraudulent, he makes himself, by the purchase, a party to the fraud, fraud may not be imputed to him by the application of strict rules of constructive notice, and actual good faith will protect him. In this case, as already observed, I am of the opinion upon the evidence, not only that the mortgages in question were given partially to secure bona fide loans made to Boynton by the defendants,

but also that no facts or circumstances were brought home to the knowledge of the defendants which should have induced them to suppose that their mortgagor had fraudulently acquired title to the property upon which the mortgages were given. Being of the opinion, therefore, that there was no evidence requiring the justice at circuit to submit the question of the bona fides of the mortgages to the consideration of the jury, without considering many other questions which are discussed in the points of counsel, I am of the opinion that the judgment below should be affirmed, with costs and disbursements.

VAN BRUNT, P. J.   The plaintiffs were bound to impeach the right to possession of Blumenthal and Claflin; they assumed this burden and failed.   The judgment must be affirmed, with costs.

O'BRIEN, J., concurs.