### HOFFHEIMER et al. v. STIEFEL et al.

(Supreme Court, Trial Term, New York County. May, 1896.)

FOREIGN JUDGMENT—ACTION ON—IMPEACHMENT—ANSWER.

In an action on a foreign judgment of a court of general jurisdiction, the defense that defendant was not served in the action in which it was rendered cannot be raised under a general denial, where the record recites such service.

Action by Abraham Hoffheimer and others against Adolph S. Stiefel and others. A verdict was directed for plaintiffs, and defendants move for a new trial. Denied.

Campbell & Murphy, for plaintiffs.
C. Strauss, for defendants.

McADAM, J. The action is upon a judgment recovered against the defendants April 20, 1883, in a court of general jurisdiction in Missouri, in which state the defendants resided at the time. The complaint alleges the recovery of the judgment, and in referring to the record thereof alleges that the defendants were served with process, and appeared in the action, and interposed an answer therein. The defense is substantially a general denial. Upon the trial the plaintiffs offered in evidence an exemplified copy of the record, duly authenticated, together with transfers of the same to them, and rested. The defendants then took the stand, one after the other, and were asked whether they were ever served with process in said action, or ever authorized any attorney to appear for them. The questions were objected to upon the ground that the answer did not by any affirmative plea impeach the judgment. The court sustained the objection, and directed a verdict in favor of the plaintiffs for $5,234.57, the amount claimed with interest. The

defendants thereupon moved for a new trial on the ground of error.

The consensus of opinion is that a judgment rendered in a foreign state is as conclusive upon the parties as a domestic judgment; and in respect to courts of general jurisdiction, they are presumed to have jurisdiction until the contrary appears.    Mills v. Martin, 19 Johns. 33; Thomas v. Robinson, 3 Wend. 267; Cooley, Const. Lim. (3d Ed.) 406; Knowles v. Coke Co., 19 Wall., at page 61; Galpin v. Page, 18 Wall. 350; Wright v. Douglass, 10 Barb., at page 111; Hatcher v. Rocheleau, 18 N. Y., at page 92; Gray v. Larrimore, 2 Abb. U. S., at page 548, Fed. Cas. No. 5,721.    This principle has been applied to the judgments of courts of common pleas and county courts of neighboring states.    Shumway v. Stillman, 4 Cow. 296, 6 Wend. 447; Wheeler v. Raymond, 8 Cow. 311; Harrod v. Barretto, 1 Hall, 155.    As was said in Shumway v. Stillman, supra:

"Every presumption is in favor of the jurisdiction of the court.    The record is prima facie evidence of it; and will be held conclusive until clearly and explicitly disproved."

The judgment of a court of another state is entitled by the constitution of the United States and the act of congress of May 26, 1790, to the same faith and credit as would be given it in the state where it was rendered.    The record, when produced, sustained every allegation of the complaint.    It contained proof of service upon the defendants, and an appearance for them by an attorney, who interposed an answer, pleading a defense.    So that everything necessary to the jurisdiction of the foreign court affirmatively appeared.

As to the question of jurisdiction, the judgment, of course, was not conclusive, and the defendants had a right· to impeach it by showing that it was obtained by fraud (White v. Reid, 70 Hun, 197, 24 N. Y. Supp. 290), or that they were not served with process, and had not authorized any attorney to appear and interpose an answer for them (Ferguson v. Crawford, 70 N. Y. 253; Rigney v. Rigney, 127 N. Y. 408, 28 N. E. 405; Dunstan v. Higgins, 138 N. Y. 70, 33 N. E. 729; Pennoyer v. Neff, 95 U. S. 714).    But, in order to make this proof admissible, the defendants were bound to plead the facts upon which they relied to impeach the judgment, that the plaintiffs, being informed thereof, might come prepared to meet the issue tendered.

The old plea of nul tiel record created an issue which was tried by the court by the inspection of the record (see cases cited in 1 Bouv. Law Dict. 249; Gould, Pl. 289), and was fully met by the production of the record properly authenticated.    This is substantially the defense which the defendants interposed.    Under the former practice, if the defendant intended to go further, and impeach the judgment for fraud or want of jurisdiction, he might, by a special plea, allege facts showing that the court in which the judgment was rendered had no jurisdiction either of the subject-matter or of the person.    Shumway v. Stillman, 4 Cow., at page 295.    The plea in the case cited, although special, was held insufficient; but its defects were remedied by amendment before the case

again came up for consideration. Id., 6 Wend. 448. The plea was also special in Bimeler v. Dawson, 4 Scam. 538; Harrod v. Barretto, 2 Hall, 302; Starbuck v. Murray, 5 Wend. 148; Price v. Hickok, 39 Vt. 292; Holt v. Alloway, 2 Blackf. 108; Moulin v. Insurance Co., 24 N. J. Law, 222; Gilman v. Lewis, Id. 248; Aldrich v. Kinney, 4 Conn. 380; Mackay v. Gordan, 34 N. J. Law, at page 290. The plea is a direct attack upon the jurisdiction by affirmative averment showing its absence. It is, in other words, an impeachment of the record declared on; and the question of the sufficiency of the plea is discussed in 2 Phil. Ev. (Cow., H. & Ed. Notes) 203, and its strictness asserted.

In McKyring v. Bull, 16 N. Y., at page 303, the court said:

"In England, as we have seen, after centuries of experience, it has been found most conducive to justice to require the parties to apprise each other of the precise grounds upon which they intend to rely; and the system of pleading prescribed by the Code appears to have been conceived in the same spirit. It was evidently designed to require of parties, in all cases, a plain and distinct statement of facts which they intend to prove; and any rule which would enable defendants, in a large class of cases, to avoid the requirement, would be inconsistent with the design."

In Moak, Van Santv. Pl. p. 506, marg. p. 400, it is said that:

"It was manifestly the intention of the commissioners to adopt the equity rule, and to require the defendant to state the specific grounds of the defense."

The rule is that a general or specific denial in an answer controverts only material allegations, or such facts as the plaintiff would be compelled to prove to establish his cause of action. Linton v. Fireworks Co., 124 N. Y. 533, 27 N. E. 406; Griffin v. Railroad Co., 101 N. Y. 348, 354, 4 N. E. 740; Weaver v. Barden, 49 N. Y. 286; Fry v. Bennett, 5 Sandf. 54; Garvey v. Fowler, 4 Sandf. 665. Under the denial contained in the defendants' answer, the plaintiffs were not bound to prove service of process on the defendants in the Missouri action, or an appearance by them therein, otherwise than by the production of the record, properly authenticated. The affirmative was then cast upon the defendants of impeaching the record (Ferguson v. Crawford, 86 N. Y. 609), and this could not be done except by an affirmative plea setting up their defense. The question came up squarely in Hill v. Mendenhall, 21 Wall. 453, and the court (at page 455) said:

"Nul tiel record puts in issue only the fact of the existence of the record, and is met by the production of the record itself, valid upon its face, or an exemplification duly authenticated under the act of congress. A defense requiring evidence to contradict the record must necessarily admit that the record exists as a matter of fact, and seek relief by avoiding its effect. It should, therefore, be formally pleaded, in order that the facts upon which it is predicated may be admitted or put in issue. Under the common-law system of pleading this would be done by a special plea. The equivalent of such a plea is required under any system. The precise form in which the statement should be made will depend upon the practice of the court in which it is used, but it must be made in some form. Defects appearing on the face of the record may be taken advantage of on its production under a plea of nul tiel record, but those which require extrinsic evidence to make them apparent must be formally alleged before they can be proven. This we believe to be in accordance with the practice of all courts in which such defenses have been allowed, and it is certainly the logical deduction from the elementary principles of pleading."

Brown v. Balde, 3 Lans. 283, holds that under the Code a general denial to a complaint founded upon a record puts in issue nothing more than a plea of nul tiel record; and if the defendant seeks to impeach the record he must give notice setting forth the facts specially. In Harrod v. Barretto, supra, it is held that a plea that the court had not acquired jurisdiction must negative by positive averments every fact which might sustain the jurisdiction. In that case the answer was held bad on demurrer, in that it did not positively aver that the defendant did not appear in the original action. In Holbrook v. Murray, 5 Wend. 162, it was decided that the defendant should positively aver that no process was served upon him. See, also, 12 Am. & Eng. Enc. Law, 149b; Abb. Tr. Ev. 548. Starbuck v. Murray and Shumway v. Stillman, before cited, were approved by the court of appeals in Kerr v. Kerr, 41 N. Y. 272, and Ferguson v. Crawford, 70 N. Y. 253. Good practice requires adherence to these rules, that surprise may be avoided, and that the plaintiff may know what proofs he is required to meet at the trial. Where the record, as in this case, shows upon its face that the parties were properly served within the jurisdiction of the court that rendered the judgment, that they appeared in the action, and interposed an answer by an attorney of the court, the plaintiffs could not be expected to anticipate that the defendants, under a mere plea of the general issue, intended to impeach the record by proof that it was fraudulent, that they had not in fact been served, and that the act of the attorney in appearing and interposing an answer for them was also fraudulent or unauthorized. If, on the other hand, the correct practice had been adhered to, and the defendants, by a special plea, apprised the plaintiffs of the proof they intended to offer, the plaintiffs might have procured a commission, and obtained in advance of the trial the evidence of the person who made the service, of the attorney who appeared for the defendants, of the notary whose jurat appears in the verified answer, as well as the evidence of the plaintiffs, showing their knowledge of the facts. But the absence of such a plea left the plaintiffs' attorneys on the day of trial, with clients and witnesses residing in foreign states, unable to meet the proofs which the defendants without any notice attempted to give. The rule enforced is one necessary to the administration of justice, and finds support in reason as well as authority. As the court said in Crane v. Powell, 139 N. Y., at page 388, 34 N. E. 911:

"The present system of procedure is founded upon the idea that litigants should, when possible, know in advance the precise questions they must meet at the trial. When a contract is set out in the complaint as the cause of action, and the defendant intends to assail it on some special or statutory ground, the general spirit of the system is not complied with unless notice is given of this intention to the opposing party by the pleadings."

If the plaintiffs had not objected to the defendants' offer of proof on the ground of the insufficiency of their plea, and the case had gone to the jury on the pleadings as they were, and the jury had found for the defendants, the finding would, of course, have been conclusive, because it would have been a case of positive evi-

dence against the presumptions contained in the record, which would have been effectually destroyed by the verdict found. On the other hand, if the defendants were surprised, they should have accepted the offer made by the court at the trial to permit the withdrawal of a juror on terms, to the end that the answer might have been amended and the issue squarely and intelligently met.

The point raised as to the assignment of the cause of action by the foreign executor is without force. The transfer was legally made, and the assignee had the right to sue thereon in this state. Carpenter v. Butler, 29 Hun, 251.

If these reasons are sound, no error was committed, and the motion for a new trial must be denied.