## GRAY v. RICHMOND BICYCLE CO.

(Supreme Court, Trial Term, New York County. February 2, 1899.)

1. JUDGMENT—MERGER.

A cause of action is merged in a judgment obtained thereon, though in another state.

2. SAME—FRAUD.

There is no fraud in a judgment, authorizing its annulment, merely because the defendant favored other creditors, whereby it proved valueless.

3. SAME—CANCELLATION.

An assignee of notes merged in a judgment obtained in another state cannot avoid the judgment in an action on the notes by offering a consent

of the assignor to a cancellation of the judgment, but should seek relief by vacation of the judgment in the other state.

Action by Allan J. Gray against the Richmond Bicycle Company on a contract which defendant pleads was merged in a judgment recovered in a court of competent jurisdiction in Indiana, and which judgment plaintiff seeks to avoid on the ground of defendant's fraud. Judgment for defendant. Plaintiff moves for a new trial. Denied.

Merrill & Rogers, for plaintiff.

Ivans, Kidder & Melcher, for defendant.

McADAM, J. That a judgment operates as a merger of the cause of action on which it proceeds ("Transit in rem judicatam") is a proposition too elementary to require authority in its support. It matters not that the judgment was recovered in a sister state, so long as the court in which it is obtained had jurisdiction of the subject-matter and the parties. Freem. Judgm. (4th Ed.) § 221. Under the federal constitution (article 4, § 1), and acts of congress (Act May 26, 1790; Rev. St. U. S. p. 171, § 905), the judgment of every court of record in one state is entitled to full faith and credit in every other state. It follows, therefore, that the judgment recovered against the defendant corporation in the circuit court of Wayne county, Ind., by the Allerton-Clarke Company, holders at the time of the notes in suit, is a bar to the present action, in which the plaintiff, as assignee of the Allerton-Clarke Company, seeks to recover in this state a judgment on the original cause of action, which has ceased to exist by the prior merger.

The plaintiff seeks to avoid the effect of the Indiana judgment on the ground that the Allerton-Clarke Company, the plaintiff therein, was induced by fraud to take it. As fraud vitiates everything, it may, in a proper case, invalidate a judgment, no matter in whose favor it may appear to be. While the courts of one state may upon this ground annul a judgment procured in another state, the fraud must be clearly proved, and the same elements must be present as in other cases of fraud. Smith v. Nelson, 62 N. Y. 286; Hunt v. Hunt, 72 N. Y. 217; Davis v. Cornue, 151 N. Y. 172, 45 N. E. 449. The court, in Smith v. Nelson, supra, said:

"The jurisdiction of one court to vacate in an independent proceeding the judgment of another, having power to render it, is in its nature so extraordinary as to demand a close adherence to principles and precedents in exercising it. Courts do not exercise it when there has been negligence on the part of the party seeking the relief."

The Allerton-Clarke Company employed the attorneys who obtained the judgment, and sent on the notes with a direction to enter it, so that said company was chargeable with some care and duty respecting what was going on in its name in the Indiana court.

The most serious objection made to the Indiana judgment is that certain creditors residing there were more favored by the defendant, and as a result the judgment proved to be valueless. This result does not prove fraud. The defendant was an Indiana corporation, its works and property were in that state, and there was apparent

propriety in obtaining judgment there. There seem to be reasons now for having a judgment here, but the right should have been asserted on the Indiana judgment, into which the cause of action had been merged. Freem. Judgm. (4th Ed.) § 434; Hoffheimer v. Stiefel, 17 Misc. Rep. 236, 39 N. Y. Supp. 714. Judgments are generally attacked by the judgment debtor or his creditors; seldom by the judgment creditor, who thereby obtains a higher and more available security. The plaintiff, if defrauded into taking the Indiana judgment, might have elected to rescind for the fraud, by canceling the judgment of record in that state, and thereby restoring the defendant to the position it occupied antecedently to the fraud complained of. The plaintiff did not pursue this simple course, but suffered the judgment, which the defendant pleads to be a valid one, to remain undischarged of record, as if valid and effectual for every purpose. True, he offered for the first time at the trial a consent by the Allerton-Clarke Company to the concellation of the judgment, and by this offer attempted to defeat the plea interposed by the defendant. The proper practice would have been to have sought relief in the jurisdiction wherein the judgment was recovered and the fraud perpetrated. Ward v. Barber, 1 E. D. Smith, 423. If the Indiana court had vacated the judgment, as it might have done, had application for the purpose been tnere made, the plea of merger would have failed; for, when a judgment sufficient at the time it is rendered is set aside or reversed, the merger ceases. Goodrich v. Bodurtha, 6 Gray, 323. The evidence was not conflicting, and it was for the court to say whether the facts proved were sufficient to constitute fraud in a legal sense. Jonasson v. Eames (Sup.) 21 N. Y. Supp. 714; Dwight v. Insurance Co., 103 N. Y. 341, 8 N. E. 654.

The court, upon the ground of the insufficiency of the plaintiff's proof of fraud, and his failure to rescind by canceling the Indiana judgment of record, directed the jury to find for the defendant. As no error in the ruling has been discovered, the plaintiff's motion for a new trial must be denied.