(87 Misc. Rep. 284)

### JOHN SIMMONS CO. v. VAN REES et al.

(Supreme Court, Appellate Term, First Department. November 18, 1914.)

1. PLEADING (§§ 122, 347*)—DENIALS—DENIAL ON INFORMATION AND BELIEF.
   In an action on a judgment of the City Court of the City of New York, in which the complaint alleged that such judgment was duly given and made and duly filed and docketed, that it was duly rendered upon personal service of the summons, that more than 10 years had elapsed since its recovery, and that no part had been paid, a denial of such allegations on information and belief was insufficient, and entitled plaintiff to judgment on the pleadings, as all of the allegations, including the allegation that the judgment was "duly" made and given, related to facts presumptively within defendant's personal knowledge, or ascertainable by an examination of public records, or facts the truth of which was a matter of computation, and the rule against evasive denials of such allegations applies to denials on information and belief, as well as denials of sufficient knowledge or information.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 249–252, 1052; Dec. Dig. §§ 122, 347.*]

2. JUDGMENT (§ 914*)—ACTION ON JUDGMENT—DEFENSES—PLEADINGS.
   Under Code Civ. Proc. § 532, providing that, in pleading a judgment of a court of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but that the judgment may be stated to have been duly given or made, and that if this allegation is controverted the party pleading it must establish the facts conferring jurisdiction, where the complaint alleged that a City Court judgment was duly given and made, duly filed and docketed, and duly rendered on personal service of the summons, that more than ten years had elapsed since its recovery, and that no part had been paid, to raise an issue as to the jurisdiction of the court or the invalidity of the judgment, the facts showing such want of jurisdiction or constituting such invalidity should have been pleaded, or the other facts alleged should have been positively denied.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1744–1746; Dec. Dig. § 914.*]

Appeal from City Court of New York, Special Term.

Action by the John Simmons Company against Abraham C. Van Rees and others. From an order directing judgment for plaintiff on the pleadings, the defendant named appeals. Affirmed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Knox, Sender & Deignan, of New York City (Isaac N. Miller, of New York City, of counsel), for appellant.

Samuel M. Fleischman, of New York City (David J. Gladstone, of New York City, of counsel), for respondent.

WHITAKER, J. This action is based upon a judgment of the City Court of the City of New York, alleged in the complaint to have been "duly" given on the 24th day of May, 1895.

[1] The complaint alleges plaintiff to be a corporation.

"II. That on the 24th day of May, 1895, in an action in the City Court of the City of New York, * * * judgment was duly given and made by said court * * * in favor of the plaintiff and against the defendant * * * which judgment was on that day duly filed and docketed. * * *

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"III. That the said judgment was duly rendered upon personal service of the summons on the defendants. * * *

"IV. That more than ten years have elapsed since the said judgment was duly recovered and docketed * * * and that no part thereof is paid."

The defendant herein interposes an answer substantially as follows: First. Upon information and belief denies each and every allegation contained in paragraphs 2, 3, and 4. Upon motion, the court directed judgment for plaintiff upon the pleadings.

The appellant insists that the defense set up in the answer was sufficient. It is, I think, apparent that all of the material facts set forth in the complaint, and which are denied "upon information and belief" in defendant's answer, are either facts of which he must be presumed to have had personal knowledge, or facts the truth of which was a matter of computation, or the truth or falsity of which could easily have been positively ascertained by an examination of open public records close at hand. Under the authorities the denial of want of sufficient information to form a belief as to such facts would be insufficient. City of New York v. Matthews, 180 N. Y. 41, 72 N. E. 629; Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151.

The appellant, however, in effect claims that the authorities above cited do not apply to the case at bar, for the reason that the denial is not of want of sufficient knowledge or information, but is rather in the nature of an affirmative allegation that defendant denies the facts stated in the complaint upon information and belief; that is, that he has information that they are false. I do not think that the distinction is sound. The basic reason of the rule is that defendant should not be permitted to make an evasive denial and create useless issues, but should be required to deny positively all alleged facts which are either presumptively within his personal knowledge, or the truth or falsity of which is easily ascertainable from the public records. Whether the denial is based upon want of information or misinformation, the beneficial application of the rule is equally defeated by permitting a denial in either form of alleged facts, the existence of which defendant is presumed in law to know, or which the open public records will upon examination disclose.

The defendant lays much stress upon the allegation in the complaint that the judgment sued upon was "duly" given and made in favor of plaintiff, and maintaining that his answer in its form put in issue the question whether or not such judgment was "duly" given. An examination of the records would probably have disclosed whether or not the judgment was "duly" given, and I do not see why the denial of this conclusion, which was equally ascertainable by examining the records, is not covered by the same rules that govern the denial of the other allegations set forth in the complaint.

[2] While, in an action upon a judgment, the Code permits a party plaintiff to plead the conclusion that a judgment was "duly" recovered (section 532), it further provides that said conclusion may be "controverted." The Code does not use the word "denied," and under the authority of the case of City of New York v. Matthews, supra, I think, in order to have raised the issue as to the jurisdiction of the court, or

invalidity of the judgment, the facts showing such want of jurisdiction, or which constituted such invalidity, should have been pleaded, or that the other facts alleged in the complaint should have been positively denied.

Order affirmed, with $10 costs and disbursements. All concur.