JOHN HUMNICKI, Plaintiff, *v.* ILKO PITKOWA, Also Known as ALEX PITKOWA, and Another, Defendants.

Supreme Court, Oneida County, January 30, 1935.

*M. S. Ogonowski,* for the plaintiff.

*Leo O. & Henry F. Coupe* [*Leo O. Coupe* of counsel], for the defendant Mary Pitkowa.

DOWLING, J. The complaint contains the following allegations: " *First.* That prior to the 4th day of November, 1921, the plaintiff duly commenced an action against the defendants in the Supreme

Court, County of Oneida, State of New York; that the summons in said action was served upon the defendants personally and no appearance was made therein by either of the herein-named defendants.

" *Second.* That thereafter and on or about the 4th day of November, 1921, plaintiff recovered a judgment by default in said action against both of the defendants herein, which said judgment in the amount of $499.40 was duly docketed on the said 4th day of November, 1921, more than ten years prior to the commencement of this action. That no part thereof has been paid."

Defendant Mary Pitkowa interposed the following answer:

" *First.* Deny each and every allegation in said complaint contained.

" *Second.* As and for a further and separate answer and defense to the cause of action set forth in the complaint the defendants allege that the judgment mentioned in the complaint and the cause of action stated in the complaint in the action in which said judgment was obtained have been paid and satisfied."

The case came on for trial. Plaintiff introduced the judgment roll in evidence, proved the judgment had not been paid and rested. Defendant was called to testify. When asked whether or not the summons and complaint had ever been served upon her, plaintiff objected " as incompetent, irrelevant and immaterial, not within the pleadings, no attack made upon the judgment, and upon the pleadings as they now stand this proof is immaterial." The court overruled the objection. Defendant testified she had never been served with the summons and complaint. No evidence of payment was offered by the defendant. Plaintiff testified he was present when the summons and complaint were served upon defendants. The process server was not called. The jury found for the defendant no cause for action. Plaintiff moves to set aside the verdict and for a new trial upon the ground that it is contrary to law, against the weight of the evidence and particularly that the reception of defendant's testimony constituted error.

Judgment in the original action was docketed in Oneida county clerk's office November 4, 1921. To the judgment roll was attached a certificate showing personal service of the summons and complaint upon both defendants. There was also an affidavit of no appearance and default attached. Upon this proof, the clerk gave and docketed said judgment.

About May 1, 1934, plaintiff instituted this action pursuant to subdivision 1 of section 484 of the Civil Practice Act.

The verdict is not against the weight of evidence and should

stand unless error was committed in receiving the evidence of the defendant as to non-service. The soundness of the ruling of the court in this respect is debatable.

Section 532 of the Code of Civil Procedure provided: " In pleading a judgment, or other determination, of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction; but the judgment or determination may be stated to have been duly given or made. If that allegation is controverted, the party pleading must, on the trial, establish the facts conferring jurisdiction."

The Board of Statutory Consolidation on the Simplification of Civil Practice reported to the Legislature April 1, 1915, recommending a Civil Practice Act of seventy-one sections and four hundred and one rules of civil practice. The above section was to be rule 157. On February 1, 1919, this Board presented a revised draft of the Civil Practice Act containing forty-two sections and three hundred and sixteen rules. Said section was to be rule 106. On May 21, 1920, the Legislature adopted the Civil Practice Act of 1,578 sections, omitting therefrom section 532 of the old Code. The Convention set up by chapter 902 of the Laws of 1920, as amended, which met in June, 1920, adopted our present Rules of Civil Practice. It converted section 532 of the old Code into rule 95, omitting, however, the last sentence, " If that allegation is controverted, the party pleading must, on the trial, establish the facts conferring jurisdiction." The court has been unable to discover any note or comment, either of the Board of Statutory Consolidation, the legislative debates, or of the Convention which adopted the rules, giving the reason for the transfer of section 532 of the old Code into rule 95 with the last sentence omitted. Rule 95 is as follows: " Pleading judgment or determination. In pleading a judgment or other determination of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction, but the judgment or determination may be stated to have been duly given or made."

In his complaint plaintiff did not follow the terse method provided by rule 95. He chose to plead the facts. He does not allege his judgment was duly given or made or recovered. He alleges a due docketing of said judgment. There is a distinction between the due giving and the due docketing of a judgment. One is judicial and the other ministerial in character.

Under section 532 of the Code, if the allegations of the complaint were not controverted in the answer, the defense of jurisdiction was not available. (*Ferguson* v. *Crawford,* 70 N. Y. 253, 267; *O'Donoghue* v. *Boies,* 159 id. 87, 98; *City of New York* v. *Matthews,*

180 id. 46; *Pullen* v. *Seaboard Trading Co.*, 165 App. Div. 117; *Hoffheimer* v. *Stiefel*, 17 Misc. 236, 238; *Long* v. *Long*, 1 Hill, 597; *Noyes* v. *Butler*, 6 Barb. 613.)

In an action upon a foreign judgment the defense of lack of jurisdiction must be raised by answer. (*Rice* v. *Coutant*, 38 App. Div. 543, 548.)

In *Simmons Co.* v. *Van Rees* (87 Misc. 284, 287), in discussing section 532 of the Code of Civil Procedure, Justice WHITAKER said: " While in an action upon a judgment the Code permits a party plaintiff to plead the conclusion that a judgment was ' duly ' recovered (Sec. 532), it further provides that said conclusion may be ' controverted.' The Code does not use the word ' denied,' and under the authority of the case of *City of New York* v. *Matthews*, *supra*, I think, in order to have raised the issue as to the jurisdiction of the court or invalidity of the judgment, the facts showing such want of jurisdiction, or which constituted such invalidity, should have been pleaded or that the other facts alleged in the complaint should have been positively denied."

Apparently the word " controverted," under section 532 of the Code of Civil Procedure, involved the idea of pleading in the answer facts showing the invalidity of the particular judgment. " Controvert " means " to take issue on." (13 C. J. p. 843.) The Convention which enacted our present Rules of Civil Practice, by adopting section 532 of the Code minus the last sentence, obviated the necessity of controverting the complaint in an action upon a domestic judgment with the result that want of jurisdiction of the person can be proved under a general denial. In other words, a general denial puts in issue the allegations of the complaint.

Under the Code, Judge WHITAKER was of the opinion that a positive denial that the judgment was duly recovered would have raised the issue of its validity.

The court is of the opinion that, in an action upon a foreign judgment, the question of jurisdiction must be raised by answer while, in an action on a domestic judgment, under rule 95, a positive denial that the judgment was duly given raises the question of jurisdiction of the person. Therefore, the evidence of failure to serve defendant with summons and complaint was competent and admissible under the general denial in the defendant's answer.

Motion to set aside verdict is denied. Enter order accordingly.