■  EDWARD D. MURRAY, Plaintiff, v. RUPP RENTAL CORP., Defendant and Third-Party Plaintiff-Appellant. S. A. LINDSTROM CO., INC., Third-Party Defendant-Respondent.— Judgment unanimously reversed, without costs, and motion denied. Memorandum: In this negligence action, defendant served a third-party complaint in which it sought common-law and contractual indemnity. ¶ In the cause of action for common-law indemnity, defendant alleged that its negligence, if any, was passive whereas that of the third-party defendant was active. In the complaint it was alleged defendant was negligent in failing to provide a safe place for plaintiff to work, neglecting to provide and enforce adequate rules and regulations for the protection of plaintiff, failing to have a sufficient number of employees, failing to warn plaintiff, conducting the work by unsafe and dangerous methods, and in failing properly to maintain a crane. Special Term held that these were allegations of active negligence and that under *Putvin* v. *Buffalo Elec. Co.* (5 N Y 2d 447) defendant was not entitled to common-law indemnity. ¶ Subsequent to Special Term's decision, the Court of Appeals, in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143, 148–149), re-examined the "active-passive" negligence concept and held that "where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party. To reach that end there must necessarily be an apportionment of responsibility in negligence between those parties." Consequently, the motion to dismiss the cause of action for common-law indemnity must be denied. ¶ In dismissing the cause of action based on contractual indemnity, Special Term relied on the rule set forth in *Thompson-Starrett Co.* v. *Otis Elevator Co.* (271 N. Y. 36) that a contract will not be construed to indemnify a person against his active negligence unless the intention is unequivocally expressed in the agreement. *Levine* v. *Shell Oil Co.* (28 N Y 2d 205, 210), also decided subsequent to Special Term's decision, holds that *Thompson-Starrett* is no longer viable and that an agreement which provided that the "lessee shall indemnify Shell against any and all claims, suits, loss, cost and liability on account of injury or death of persons or damage to property, or for liens on the premises, caused by or happening in connection with the premises * * * or, the condition maintenance, possession or use thereof or the operations thereon" sufficiently stated an intent to indemnify Shell for its own active negligence. The agreement in this case provides that the third-party defendant will indemnify and hold defendant "harmless from and against all loss, liability, damage, cost and expenses whatever arising from or as a result of this lease". The language clearly states an intent to indemnify defendant for its own active negligence and the cause of action for contractual indemnity is sufficient. (Appeal from judgment of Erie Special Term dismissing third-party complaint in negligence action.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.