Abraham I. Kalina, J.
Upon the eve of trial the defendants move for an order permitting them to serve an amended answer with cross complaint against the plaintiff Victor M. Sanchez. Also demanded is a stay of the trial until such answer (in the form attached to the moving papers) has been served and an opportunity afforded to the plaintiff Victor M. Sanchez to respond.
The action is one to recover damages arising from a two-car collision on March 3, 1969 which resulted in the death of one of the occupants and personal injuries to the other four members of Victor M. Sanchez’s family in his automobile. Victor M. Sanchez was the owner and operator thereof and sues individually and as administrator of the estate of his deceased son Javier. His* wife Felicita sues individually and as mother of Lourdes and Richard Sanchez, infants.
The motion is made at this time because of the Court of Appeals decision in the matter of Dole v. Dow Chem. Co. (30 N Y 2d 143), which has evolved a new concept of third-party *450 presence in negligence actions where either indemnity or contribution is desired, and permits the widest latitude in joining defendants in such cases.
The plaintiff Victor M. Sanchez takes cognizance of the elements raised by the defendants but opposes the granting of the motion on two grounds: (1) the Statute of Limitations is a bar to the relief because of the lapse of time since March 3, 1969 (the date of the accident), and (2) permitting a cross complaint at this time would retroactively be prejudicial to the infant plaintiffs and to the estate of the deceased infant, especially because the application is made so close to trial. Plaintiff also contends that the delay would in essence deprive the plaintiffs of their day in court, and defeat the “ rapid compensation to the plaintiff ’ ’ contemplated by the Dole case. Laches on the part of the defendant is also claimed for waiting so long before making this application. However, plaintiffs request that should the instant motion be granted, a time sufficient be allowed for the infant’s death case to be transferred to his mother, so that she may have the option of suing the owner and operator of both vehicles.
The Dole case, relied upon by the defendants, enunciates a new doctrine respecting the presence of co-tort-feasors in negligence actions, to wit: comparative negligence as between defendants, or the apportionment in one action of damages among all wrongdoers, as follows (p. 150): “ The present system runs counter to tort policy goals of deterrence, equitable loss sharing by all wrong-doers, effective loss distribution over a large segment of society and rapid compensation of the plaintiff— as well as the judicial economy interest in settling all matters arising out of the same transaction in one proceeding.” And (p. 153): “ Right to apportionment of liability or to full indemnity, then, as among parties involved together in causing damage by negligence, should rest on relative responsibility and to be determined on the facts.”
Being bound thereby, the court must perforce grant the defendants’ application so as to permit them to cross complain against Victor M. Sanchez as a co-tort-feasor. While it may be argued that he is already in the case as a plaintiff it is nevertheless necessary to spell out a new role in the case for Victor M. Sanchez, viz. “ defendant ”, so that the rights of the original defendants may be preserved. This is also the purview of CPLR 1401.
The Statute of Limitations for negligence actions is not applicable to actions-over. They may be brought even after *451 judgment has been rendered against the original defendant. (Musco v. Conte, 22 A D 2d 121; City of Rochester v. Montgomery, 72 N. Y. 65.) Therefore, this objection is overruled.
Admittedly, complications at trial may possibly occur as was noted in the Dole case, by the advent of new defendants and new issues, but these may be controlled by the trial court by separate hearings after verdict.
Under the present law the contributory negligence of the parent may not be imputed to his child to bar the child’s cause of action. This court also adds, that if an infant sues a car driver, the defendant may implead the child’s parent if the parent was negligent in any sense. This meets the circumstances in this case exactly since their father was the driver of the vehicle in which the infants were passengers. He may be shown to have been negligent, in one action, to the end that all liability may be determined simultaneously, a most cogent reason for permitting the cross complaint.
The plaintiff’s opposition on the ground of retroactivity is likewise overruled. Under the law as it existed prior to Dole, a driver charged with active negligence could not implead another no matter how negligent that other driver was. The sued defendant would have to pay a judgment against him without recourse whatever. It is this evil which was corrected by the Dole case to be accomplished either by joinder at any stage of the original suit or by creating a cause of action in favor of all defendants who might bear responsibility rightfully belonging to another.
The Dole case makes it plain that there be only one action to determine all issues arising from a single transaction, with all persons involved being brought into it.
In the case at bar, the addition of a new title to plaintiff Victor M. Sanchez is not to be gainsaid by the claim of prejudice for retroactivity. Sustaining such argument would in effect defeat the purposes of the Dole decision.
The defendant’s motion is granted.
The proposed answer having been attached as a part of the moving papers it may be said to have been served, thus conserving time. Plaintiff shall have 10 days in which to respond. The cross relief requested by the plaintiff for leave to transfer the infant’s death case to the mother, thus giving her the option to pursue the claim of the estate of the deceased infant against both drivers, is granted, if she be so advised. Application for such transfer to be made within 30 days after service of a copy of the order to be entered hereon.