Cabman F. Ball, J.
The third-party defendant moves for an order dismissing the third-party complaint pursuant to CPLB 3211 (subd. [a], par. 7) upon the grounds that the complaint fails to state a cause of action. Plaintiffs in this action commenced an action against the defendant Niagara Frontier Transit System (NFT) and the Village of Kenmore. The Village of Kenmore action was dismissed upon motion for summary judgment based upon the prohibition set forth in section 341-a of the Village Law and Local Law No. 1 of 1955 of the Village of Kenmore which requires a prior notice of defect.
The third-party defendant in this action and the third-party plaintiff concede that there was no prior written notice of defect prior to the accident which the plaintiff alleges occurred on September 10, 1968 and third-party defendant contends that the third-party plaintiff in seeking to obtain indemnification fails to state a cause of action because it failed to plead the condition precedent as required by section 341-a of the Village Law and Local Law No. 1 of 1955 of the Village of Kenmore.
The plaintiff, Dorothy Barry, allegedly fell as she was alighting from a bus owned and operated by the defendant and third-party plaintiff, NFT, at Delaware and LaSalle Avenues in the Village of Kenmore. The action is premised on the grounds of negligence of NFT in operating the bus and in failing to give the plaintiff a safe place to alight from the bus. The original complaint contains allegations against the Village of Kenmore for negligence in failing to repair a street curb and sidewalk, failure to warn of the condition and it was alleged it was careless and negligent in the maintenance of the area where the plaintiff fell.
*318 The contention of the third-party plaintiff is that if the plaintiff sustained personal injuries as claimed in her complaint and if NFT is found liable, then NFT is entitled to indemnification from and judgment over against the Village of Kenmore for all or part of any judgment plaintiff may recover against NFT.
The third-party plaintiff contends that the issue is not whether a notice of defect was given, but whether there should be an apportionment of responsibility pursuant to the principles enunciated in Dole v. Dow Chem. Co. (30 N Y 2d 143); that the apportionment is not a tort action but indemnification and is based upon equitable principles and does not accrue until the third-party plaintiff is cast in damages by a verdict. The third-party plaintiff contends that the cause of action is equitable in nature under common-law indemnification and by analogy points out that it is well settled that where an action is grounded upon equitable principles there need be no compliance with section 50-e of the General Municipal Law. (Matter of Valstrey Serv. Corp. v. Board of Elections, Nassau County, 2 N Y 2d 413; Accredited Demolition Constr. Corp. v. City of Yonkers, 37 A D 2d 708.)
The third-party plaintiff’s contention would permit indirectly what could not be done directly by the plaintiffs themselves for failure to comply with the notice requirements of the Village Law (section 341-a).
Section 50-e of . the General Municipal Law provides as follows: “ 4. No other o:r further notice, no other or further service, filing or delivery of the notice of claim, and no notice of intention to commence an action or special proceeding, shall be required as a condition to the commencement of an action or special proceeding for the enforcement of the claim; provided, however, that nothing herein contained shall be deemed to dispense with the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, or of the existence of snow or ice thereon, where such notice now is, or hereafter may be, required by law, as a condition precedent to liability for damages or injuries to person or property alleged to have been caused by such condition, and the failure or negligence to repair or remove the same after the receipt of such notice.” (Emphasis supplied.)
The court stated in Dole v. Dow Chem. Co. (30 N Y 2d 143, 153, supra): " Right to apportionment of liability or to full indemnity, then, as among parties involved together in causing *319 damage by negligence, should rest on relative responsibility and to be determined on the facts.” (Emphasis supplied.)
The Dole v. Dow Chem. Co. decision (supra) was amplified in Kelly v. Long Is. Light. Co. (31 N Y 2d 25, 29): “ The rule as stated in Dole now permits apportionment of damages among joint or concurrent tort-feasors regardless of the degree or nature of the concurring fault. We believe the new rule of apportionment to be pragmatically sound, as well as realistically fair. To require a joint tort-feasor who is, for instance, 10% causally negligent to pay the same amount as a co-tort-feasor who is 90% causally negligent seems inequitable and unjust. The fairer rule, we believe, is to distribute the loss in proportion to the allocable concurring fault.” (Emphasis supplied.)
The rule of indemnification set forth in Dole v. Dow Chem. Co. is predicated upon causing damages by negligence and apportionment among tort-feasors. The Village of Kenmore can only be cast in fault as a tort-feasor upon complying with the condition precedent by filing of a notice of defect with the village clerk. The filing of the notice of defect is an essential element of the cause of action and the condition precedent to its maintenance and must be alleged in the complaint.
While the outer limits of the Dole v. Dow Chem. Go. decision (supra) are still in doubt, the third-party plaintiff’s claim seeking indemnification under the theory of Dole v. Dow Ghem. Go. for the tort action set forth in the complaint against the third-party defendant, Village of Kenmore, cannot be asserted unless the notice of defect requirements of section 341-a of the Village Law have been complied with.
Third-party defendant’s motion to dismiss is granted.