■ MARC LIEBMAN, Plaintiff, v. COUNTY OF WESTCHESTER et al., Defendants, and GEORGE W. SCOTT et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. SHELDON SAFER et al., Third-Party Defendants-Respondents-Appellants. (Action No. 1.) (And Four Other Actions.) — In five negligence actions, jointly tried, (1) the third-party plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County, dated November 9, 1972, as granted, without prejudice, the motion of the third-party defendants in that action to dismiss the third-party complaint therein and (2) said third-party defendants cross-appeal from so much of the same order as, in granting said motion, did so without prejudice. Order reversed insofar as appealed from, on the law, motion denied and third-party complaint reinstated, with $20 costs and disbursements to the third-party plaintiffs jointly against the other parties appearing separately and filing separate briefs on this appeal, i.e., (1) plaintiff Liebman and (2) third-party defendants Safer. This litigation involving five separate actions resulted from a two-vehicle intersection collision which occurred in White Plains, New York, on June 16, 1967. One of the vehicles was owned by third-party defendant Fanny Safer and operated by her son Sheldon. Marc Liebman, Michael Ende and Carl Lombardi, Jr. were riding in the Safer vehicle at the time. The other vehicle was owned, leased and operated by the third-party plaintiffs, respectively, Hertz Corporation, Olson & Gordon Stationers, Inc., and George W. Scott. This vehicle was operated by Scott at the time of the collision in the course of his employment with Olson & Gordon Stationers. Marc Liebman subsequently commenced Action No. 1 against the third-party plaintiffs and also joined certain governmental bodies and a real property owner. (He eventually discontinued the action against the latter defendants and proceeded against only the third-party plaintiffs.) Liebman did not join the Safers as parties defendant, although the fathers of his fellow infant passengers, Ende and Lombardi, brought representative suits against all the previously-named defendants and the Safers (Actions Nos. 3 and 5). The Safers sued, inter alia, said third-party plaintiffs (Action No. 2) and were in turn sued by the driver of the second vehicle, third-party plaintiff Scott (Action No. 4). A joint trial of the actions was ordered and the liability phase of the trial was conducted before a jury during the latter part of March, 1972. Verdicts in favor of all plaintiff passengers (Actions Nos. 1, 3 and 5) and in favor of the governmental bodies and the real property owner in Action No. 3 were returned. Additionally, verdicts of no cause of action were rendered in Actions Nos. 2 and 4. The damage phase of the litigation was set down for trial during the September, 1972 Term and was subsequently adjourned to the October, 1972 Term. On March 22, 1972, unbeknown to the various parties and the trial court at the time of the liability trial, the Court of Appeals decided *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143), abolishing the " active-passive " rule governing indemnity among joint or concurrent tortfeasors and substituting therefor an apportionment-of-responsibility approach. The third-party plaintiffs responded to this development, somewhat tardily, by serving their third-party complaint in Action No. 1 on August 31, 1972, naming the Safers as third-party defendants. By the order under review, a motion by the Safers to dismiss the third-party complaint was granted without prejudice and the case was restored to the head of the Ready Day Calendar for an immediate trial on the issue of damages (*Liebman* v. *County of Westchester*, 71 Misc 2d 997). It is clear that the rule of *Dole* (*supra*) applies to this case

since it has been construed to apply to any case still in the judicial process as of the date of the *Dole* decision (*Kelly* v. *Long Is. Light. Co.*, 31 N Y 2d 25; *Hain* v. *Hewlett Arcade*, 41 A D 2d 991; *Brown* v. *City of New York*, 40 A D 2d 785). It is equally clear that the third-party plaintiffs may implead as parties defendant any tort-feasors not originally sued by the plaintiff so that a proper determination of the proportionate responsibility of the tort-feasors *inter se* can be made (*Stein* v. *Whitehead*, 40 A D 2d 89, 91; *Lipson* v. *Gewirtz*, 70 Misc 2d 599, 601; *Yarish* v. *Dowling*, 70 Misc 2d 467). The third-party defendants were found to be liable in Action No. 5 after a full and fair opportunity to litigate the issue of their liability and, under well-established principles of collateral estoppel, they are precluded from contesting anew that identical issue in the third-party action (*Molino* v. *County of Putnam*, 29 N Y 2d 44; *Schwartz* v. *Public Administrator of County of Bronx*, 24 N Y 2d 65, 71; *Colon* v. *Bermudez*, 61 Misc 2d 255, 260–261). In our view, considering the unusual circumstances of this case, the third-party complaint should be reinstated at the present time with the issues of apportionment of responsibility among all the parties previously found liable tried immediately after the determination of the amounts of the damages of the several successful plaintiffs. We are cognizant of the fact that reinstatement of the third-party complaint at this point in the litigation will temporarily delay any recovery by plaintiff Liebman, but we deem this inconvenience to be relatively minor. The delay should amount to no more than several days and we note that upon the oral argument of this appeal the attorney for the third-party plaintiffs declared that no pretrial proceedings would be conducted relative to the third-party complaint and that they are ready to proceed to trial forthwith. At any rate, the predominant consideration in this situation is that " the requirements of fairness in the judicial management of the case " be met (*Dole* v. *Dow Chem. Co.*, 30 N Y 2d 143, 153, *supra*). With the third-party defendants brought into Action No. 1 by means of the third-party complaint, they will have the opportunity to cross-examine the plaintiffs and their witnesses and to otherwise contest the proofs of damages offered. This opportunity would not be available to them absent the reinstatement of the third-party complaint prior to the trial of the damage issue. Once the jury has fixed, in dollar amounts, the damages to be recovered by the various successful plaintiffs, the culpable parties in the third-party action (i.e., all parties found liable by the jury at the liability phase of this litigation) may either stipulate that the issue of apportionment be determined by the Trial Judge or proceed to trial on that issue before the jury which fixed the damages (see *Dole* v. *Dow Chem. Co.*, 30 N Y 2d 143, 153, *supra*; *Stein* v. *Whitehead*, 40 A D 2d 89, 93, *supra*; *Walsh* v. *Ford Motor Co.*, 70 Misc 2d 1031). The procedure here directed has the virtue of avoiding a time-consuming and judicially-wasteful third jury trial dealing with the apportionment issue. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur. [71 Misc 2d 997.]