Hortense W. Gabel, J.
Plaintiff was the unsuccessful defendant in a prior negligence action. He now brings this action for indemnification against the defendant, an alleged joint tortfeasor.
On July 6, 1964, in the course of his employment by Artkraft Strauss Sign Corp., Edward Gibbs was injured. The injury occurred while he was a passenger in an automobile owned by Artkraft and operated by a coemployee, Joseph Osborne. That vehicle came in contact with the vehicle owned by the plaintiff Robert Wattecamps and operated by his wife, Caroline.
An action was thereafter commenced by Gibbs against Mr. and Mrs. Wattecamps. Undoubtedly because of the employer-employee relationship neither Artkraft nor Osborne were sued. In March, 1973 the case went to judgment which was subsequently paid. In April or May of 1973, this action was commenced.
The defendant now moves to dismiss the complaint on the grounds that the action is barred by the Workmen’s Compensation Law and the Statute of Limitations. Defendant further asserts that the plaintiff is guilty .of laches.
Section 11 and subdivision 6 of section 29 of the Workmen’s Compensation Law provide in effect that an employee may not sue his employer or a coemployee in negligence where the injury was sustained in the course of employment. Plaintiff argues, however, that since his action is .one of indemnification, the Workmen’s Compensation Law is not a bar. I agree with the plaintiff.
The indemnification rule was enunciated in Westchester Light. Co. v. Westchester Small Estates Corp. (278 N. Y. 175). There the party cast in damages claimed the employer was directly responsible for the accident. The Court of Appeals held (p. 179) that plaintiff was not suing the employer for damages on account of the employee’s death, but was asserting ‘1 its own right of recovery for breach of an alleged independent duty or obligation owed to it by the [employer]. ”
This rule has now been extended by Dole v. Dow Chem. Co. (30 N Y 2d 143) to include actions for partial indemnification based upon the relative responsibilities of the joint tort-feasors.
Before Dole, no third-partv impleaders or separate actions for indemnification could be maintained against a joint tort-feasor except in cases of ‘ active ’ and ‘ passive ’ negligence. (See Kennedy v. Bethlehem Steel Co., 282 App. Div. 1001, affd. 307 N. Y. 875.) The Dole court abrogated the doctrine of ‘ active ’ *936 and * passive ’ negligence and held that responsibility for a tort should be borne by the tort-feasors in proportion to the degrees of their relative responsibility. In permitting the action to determine the respective liabilities of the parties, the court concluded (p. 152) saying: “The relative responsibility of the employer and the chemical company for the wrongful death of the employee would be determined only in the action by the chemical company in which the cause asserted is based on a separate legal entity of rights to be adjudicated from the action by the administratrix against it ”. The case now before me is precisely in point and accordingly is not barred by the Workmen’s Compensation Law.
Defendant’s second claim for dismissal is that the action has not been commenced within the Statute of Limitations which is applicable to negligence actions. This argument is without merit. It was well disposed of in Musco v. Conte (22 A D 2d 121, 125) where the court, by Hopkins, J., said: “ The third-party defendants’ argument that the third-party complaint is barred by the Statute of Limitations applicable * * # stands or falls on the validity of the proposition that a-.tortfeasor’s suit for indemnity is bound by the same time limits as a suit brought by the injured party. In essence, their claims are that indemnity is a species of subrogation, and that a subrogee is confined to the remedies of his subrogor [citation omitted]. The general rule is established that the action accrues not at the time of the commission of the tort for which indemnity is sought, but at the time of the payment of the judgment [citations omitted] and this rule applies as well to third-party complaints [citation omitted]. Otherwise a tort-feasor who defended an action in good faith and in the belief that he was not liable to the injured party, upon the recovery of a judgment against him, would be deprived of recourse against fine more culpable.”
Musco was decided before Dole. Clearly the established rule in Musco is now applicable to joint tort-feasors in pari delicto as well (Sanchez v. Hertz Rental Corp., 70 Misc 2d 449, 451.)
Defendant has also asserted that plaintiff is guilty of laches because the accident occurred on July 6, 1964 and almost nine years had elapsed before this lawsuit was commenced.
Of course, until Dole was decided in March, 1972, plaintiff could not have impleaded Artkraft as a joint tort-feasor. Furthermore, until plaintiff was cast in damages in the main action, there was no cause of action upon which to base a separate indemnity lawsuit. (See Westchester Light. Co. v. Westchester Small Estates Corp., 278 N. Y. 175, supra.)
*937 After Dole, plaintiff, for the first time, had three courses of action with respect to indemnification. (See Henriquez v. Mission Motor Lines, 72 Misc 2d 782.)
1. He could have impleaded the defendant in the main action; in that event, the defendant’s proportionate share of liability, if any, could have been finally determined in the course of that action. (See Dole, supra, p. 149.) This he failed to do.
2. He could have utilized the common-law procedure of vouching in by serving proper notice upon the defendant; in that event, and if the defendant failed to defend, the judgment in the main action may bind the defendant in this action. (See Bouleris v. Gherry-Burrell Corp., 45 Misc 2d 318.)
3. He could have waited until judgment and then commenced an action against the defendant (see Dole, supra, p. 149); in that event all issues relating to defendant’s exposure would be justiciable de novo. (See Liebman v. County of Westchester, 71 Misc 2d 997, 1003, n. 8; cf. Feuer v. Menkes Feuer, Inc., 8 A D 2d 294.)
There is no showing as to whether plaintiff chose the second or third option. Clearly no laches have been shown. This court finds that the question of notice is properly a triable issue of fact. All other questions of liability and damages are reserved for the trial depending on proof of notice.
Defendant’s motion is denied.