Harold J. Hughes, J.
This is a motion by a third-party defendant, Patent Scaffolding Co. (Patent), for leave to serve an amended answer to the cross claims of third-party defendant Albany Ladder Co., Inc. (Ladder) to interpose Statute of Limitations defenses to Ladder’s cross claims.
Plaintiff was an employee of Brisk Waterproofing Co., Inc., a subcontractor of defendant Peter Bratti Associates, Inc. (Bratti), a contractor in the South Mall project. The complaint alleges that Bratti erected scaffolding to be used by Brisk Waterproofing Co., Inc. and its employees and that on June 2, 1972, while plaintiff was using the scaffold, it fell, causing plaintiff to sustain personal injury. Plaintiff has asserted causes of action based upon negligence and violations of sections 200 and 240 of the Labor Law.
Bratti instituted a third-party action against Ladder and Patent. In the third-party complaint against Ladder, it is alleged that on or about October 1, 1971 Ladder sold to Bratti four scaffolds, one of which was involved in the accident. Bratti asserts that Ladder warranted that the scaffolds were of merchantable quality and that if plaintiff sustained injuries as alleged in the complaint, they were caused by Ladder’s breach of warranties. In the third-party action against Patent, Bratti asserts that Patent manufactured the scaffold which was involved in the accident, and had sold the scaffold to Ladder. The third-party complaint states that if plaintiff sustained injuries as set forth in the complaint, then they were due to the negligence of Patent in manufacturing the scaffold and by Patent’s breach of its warranties of merchantable quality and fitness.
Ladder has interposed three cross claims against Patent. In the first, it asserts that any injuries sustained by plaintiff were sustained in whole or in part by reason of the negligence of Patent and seeks to have any liability found apportioned between the third-party defendants. In its second cross claim, it alleged that Patent made certain warranties to Ladder with respect to the scaffolding and, if Bratti recovers a judgment against Ladder, its liability Avill have resulted from Patent’s breach of warranties and that Patent should indemnify Ladder for the amount of such judgment. In its third cross claim, Ladder asserts that if Bratti should recover a judgment against it, Patent should be obliged to indemnify Ladder for the amount of such judgment under the doctrine of strict products liability.
In March, 1974, Patent served an answer to Ladder’s cross claims generally denying the allegations therein. The case is *758 scheduled for trial at the February, 1975 Trial Term and Patent now seeks by this motion to amend its answer to the cross claims to assert defenses of the Statute of Limitations. Patent asserts that the manufacture of the scaffold involved in the accident was completed on July 7,1961 and that it was shortly thereafter sold to Ladder. It contends, therefore, that it has a valid defense to each of the cross claims.
Ladder opposes the motion for several reasons: that since 11 months have elapsed since Patent served its answer to the cross claims, the present motion is untimely; that since the trial is about to be held, the amendment would be highly prejudicial to Ladder; and that the defenses are inappropriate and inapplicable to the cross claims.
When matter to be added by an amended pleading is palpably insufficient, the court need not exercise its discretion to allow the amendment, and leave to amend should be denied (see 3 Weinstein-Korn-Miller, 1ST. Y. Civ. Prac., par. 3025.15). The court has concluded that the defenses of the Statute of Limitations against the cross claims are insufficient as a matter of law and, therefore, leave to amend should be denied.
The movant has misconstrued the nature of Ladder’s cross claims against Patent. They are not causes of action for negligence, breach of warranty and strict liability, but are claims for indemnity based on those respective theories. Whether the claims seek full indemnification or an apportionment of liability, which has been termed both ‘1 partial indemnification” and “ contribution ” (cf. Dole v. Dow Chem. Co., 30 N Y 2d 143, with Kelly v. Diesel Constr. Div. of Carl A. Morse, Inc., 35 N Y 2d 1) is immaterial. These causes of action will not arise until Ladder is compelled by a judgment to respond in damages for the wrongful act or neglect of Patent (28 N. Y. Jur., Indemnity, § 11; 10 N. Y. Jur., Contribution, § 15), although procedurally they may be asserted and the issues decided in the action in which it may be determined that Ladder is liable in damages (see Dole v. Dow Chem. Co., 30 N Y 2d 143, 149, supra).
This court holds, therefore, that the Statute of Limitations which is applicable to the theories underlying a party’s causes of action for indemnity and contribution is not applicable to the latter causes of action and this rule applies to claims among joint tort-feasors inpari delicto (Wattecamps v. Artkraft Strauss Sign Corp., 75 Misc 2d 934; Sanchez v. Hertz Rental Corp., 70 Misc 2d 449).
*759 The court would add that even if the movant were correct in its assertion that the negligeuce and breach of warranty Statutes of Limitation (CPLR 214, subd. 5; 213, subd. 2) are applicable, the first cross claim based upon negligence would not be time barred since a cause of action for negligence does not accrue until the plaintiff is injured (see Mendel v. Pittsburgh Plate Glass Co., 25 N Y 2d 340; Rivera v. Berkeley Super Wash, 44 A D 2d 316).
The motion is denied, without costs.