John T. Casey, J.
The primary question raised by this motion is whether lack of compliance with a local law, requiring prior written notice to a municipality of a sidewalk defect, precludes the defendant property owner from cross-claiming against the municipality for apportionment of tort liability. The answer depends on whether or not lack of compliance with the local law may be equated with lack of compliance with section 50-e of the General Municipal Law; for it has already been decided that failure of an individual defendant property owner to comply with 50-e is not fatal to his cross-claim against a defendant municipality for apportionment. (See Zillman v Meadowbrook Hosp. Co., 73 Misc 2d 726, revd. on other grounds 45 AD2d 267.) The precedent for Meadow-brook is the holding of the Court of Appeals in Valstrey Serv. Corp. v Board of Elec. (2 NY2d 413). Valstrey states that although a notice of claim under section 50-e is ah indispensible condition precedent to the plaintiff’s cause of action against a defendant municipality in the prescribed circumstances, such a notice is not required for an individual defendant’s cross claim against the same municipality for an apportionment of tort liability.
The underlying theory is that the individual defendant’s cause of action for apportionment against the municipality cannot arise until the individual defendant who seeks it is cast in responsibility to the plaintiff by verdict, and, therefore, the requirement of compliance with section 50-e before that time would be meaningless. Valstrey also holds that conformity with section 50-e is required only after the plaintiff’s cause of action has arisen. That being so, it is proper, in my opinion, to speak of the requirement of section 50-e as "procedural” in nature.
On the other hand, the requirement of prior written notice by a local law must necessarily be met prior to the happening of the accident and if that requirement has failed the plaintiff’s cause of action never arises. The local law requirement *168 is, therefore, more substantive than procedural, and necessary to the imposition of any tort liability by the plaintiff on the city arising out of a sidewalk defect. It follows that if the plaintiff has no cause of action in tort against the defendant municipality the individual defendant’s cross action for apportionment is likewise barred.[1] Margolin v New York Life Ins. Co., 32 NY2d 149; Lieberman v Washington Sq. Hotel Corp., 40 AD2d 647.)
In the actions brought herein the plaintiff has sued the defendant city and the individual defendant property owner for injuries sustained in a sidewalk fall. The motion by the city to dismiss the plaintiff’s complaint for failure to allege compliance with Local Law No. 1 of 1953 of the City of Albany (which is not denied and which requires that prior written notice of an alleged defective street or sidewalk be given to the Commissioner of Public Works of the city) is granted. The defendant property owner’s motion to hold in the city on the cross complaint regardless of the plaintiff’s claim is denied.
The plaintiff’s complaint against the defendant city is dismissed and so is the individual defendant property owner’s cross complaint against the city.

. This consideration herein applies only to appportionment of tort liability, not to those cases where the wrongdoer has some special defense such as the exclusiveness of workmen’s compensation where immunity against suit by the plaintiff will not bar apportionment between wrongdoers nor to cases where indemnity is based on an agreement to indemnify. (Burke v City of New York, 2 NY2d 90.)