Vincent A. De Iorio, J.
On March 18, 1971, the claimant, *428 Linda La Buda (now Linda La Buda O’Sullivan and wife of the claimant, James O’Sullivan) was operating her motor vehicle on Route 213 in the Village of Rosendale, New York, when she lost control of said vehicle as it slid on the roadway and struck a stone wall. Both Linda and James O’Sullivan, a passenger in the vehicle at the time, sustained personal injuries as a result of the accident.
On April 16, 1971, a claim on behalf of James O’Sullivan was filed with the clerk of this court. This claim, numbered 53706, in summary, recites that said claimant suffered personal injuries as a result of the negligence of the State of New York, that such negligence caused the accident on March 18, 1971 and that the claimant has suffered damages as a result in the amount of $206,000.
On May 4, 1971, a claim on behalf of Linda La Buda was filed with the clerk of this court. This claim, numbered 53783, recites similar allegations as against the State of New York and seeks damages in the amount of $104,000.
Also, at some time during 1971, a suit was instituted in Supreme Court by claimant, James O’Sullivan (as plaintiff) against claimant, Linda La Buda (as defendant) seeking damages for the personal injuries received as a result of the March 18, 1971 accident alleging that such injuries were caused by reason of the negligence of Linda La Buda. This suit was tried to a conclusion before a jury in Supreme Court, County of Ulster, and the jury returned a verdict of $40,000 in favor of James O’Sullivan and against Linda La Buda on January 11, 1973. A motion to set aside the verdict was denied by Judge Cobb, on March 14, 1973, and judgment was entered against Linda La Buda in the office of the Clerk of Ulster County on March 26, 1973.
On June 25, 1973, a notice of intention to file claim was filed with the clerk of this court on behalf of Linda La Buda, now Linda La Buda O’Sullivan, seeking indemnity or apportionment from the State of New York pursuant to Dole v Dow Chem. Co. (30 NY2d 143), and claiming that the Supreme Court judgment against Linda La Buda was satisfied on June 5, 1973. This claim, now numbered 59044, was filed with the clerk of this court on January 17, 1975.
Numerous issues have been presented by the motions of the various parties herein, and these issues are now discussed separately by the court in order that its final determinations herein as to the several applications may be clear.
*429 CLAIM NO. 59044, MOTION NO. M-17101: MOTION TO DISMISS —FAILURE TIMELY TO FILE — ACCRUAL OF CLAIM FOR INDEMNIFICATION OR APPORTIONMENT
The court now proceeds to a consideration of the issues involving indemnification or apportionment under the Court of Appeals decision in Dole v Dow Chem. Co. (30 NY2d 143, supra, hereinafter referred to as Dole).
The claimant, Linda La Buda, now Linda O’Sullivan, having been found liable to James O’Sullivan as a result of her operation of her vehicle on March 18, 1971 and having satisfied that judgment, filed a claim against the State for indemnification or apportionment, alleging that the State was a joint tort-feasor.
The notice of intention to file claim was filed with the clerk of this court on June 25, 1973, some two years after the date of the accident; two years + after the suit in Supreme Court against her by James O’Sullivan was instituted; more than five months after the jury verdict found her liable; 102 days after the Trial Judge (Cobb, J.) denied her motion to set aside the verdict; on the 90th day after that judgment was entered in the county clerk’s oflice and only a few days after the judgment was satisfied of record.
The instant motion by the State raises two critical issues:
(1) For jurisdictional purposes, is a claim for apportionment against the State, a claim based upon tort and thereby governed by subdivision 3 of section 10 of the Court of Claims Act, or one based on contract, express or implied, or any other claim not otherwise provided for and thereby governed by subdivision 4 of section 10 of the Court of Claims Act?, and
(2) When does a claim for a Dole type apportionment against the State accrue for purposes of computing the jurisdictional time limitations for filing such a claim?
Prior to the landmark decision in Dole, the operative terminology with respect to the rights between and amongst joint tort-feasors was "contribution” and "indemnity”. Contribution was defined as the right of one tort-feasor, having been found jointly liable to the plaintiff and having paid more than his pro-rata share under a joint judgment recovered against him and others, to seek reimbursement from the other tort-feasors also held liable under such joint judgment of the amount paid in excess of his pro rata share. (Putvin v Buffalo Elec. Co., 5 NY2d 447.) Indemnity was defined as the right, based upon *430 contract, express or implied, of one tort-feasor, having paid in full on a judgment entered against him, to seek reimbursement from a joint tort-feasor of the amount so paid. The basis of such latter right is founded in the judicially recognized notion that one who is secondarily (or passively) negligent is entitled to be indemnified by the primary (or active) wrongdoer. (Putvin v Buffalo Elec. Co., supra.) Regardless of the technical distinctions, a separate action for indemnity or contribution was governed by the six-year Statute of Limitations (CPLR 213) and not by the statutory period for negligence actions. (Musco v Conte, 22 AD2d 121.)
The court’s decision in Dole in essence, removed the inflexibility of the rights to contribution and indemnity by creating a hew right of apportionment. Under pre-Dole law, unless tort-feasors were sued jointly and held liable equally, the right of contribution under the statute as it then existed would not apply. This new right of apportionment does have the practical effect of eliminating the distinctions between contribution and indemnity and while not abrogating the statutory right of contribution, rendering that classic statutory relief obsolete in most cases. In cases involving multiple tort-feasors, the Court of Appeals has also eliminated the prior active-passive distinction in certain indemnity type cases and now permits a consideration of the relative responsibilities of tort-feasors and an apportionment of their liability regardless of whether they were sued jointly in the underlying damage action or not.
The decision in Dole, left undecided the question as to whether or not the newly created right of apportionment would be governed by the Statute of Limitations for negligence actions, or by the six-year period applicable to "contribution” and "indemnity” claims as before. Resolution of this issue is peculiarly necessary and distinctive as applied to the State of New York with respect to its availability to suit only in the Court of Claims and as well to the jurisdictional requirements of timely filing of claims under the Court of Claims Act.
Subdivision 3 of section 10 of the Court of Claims Act provides as follows: "3. A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor in which *431 event the claim shall be filed within two years after the accrual of such claim.”
Subdivision 4 of section 10 of the Court of Claims Act provides: "4. A claim for breach of contract, express or implied and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual.”
All of the provisions of section 10 of the Court of Claims Act are jurisdictional in nature and must, therefore, be strictly construed. (Bommarito v State of New York, 35 AD2d 458; Dimovitch v State of New York, 33 AD2d 146; Lewis v State of New York, 69 Misc 2d 1031.) Upon analysis of the two subdivisions set forth above, it is the opinion of this court that a claim for apportionment against the State of New York falls within the provisions of subdivision 4. A claim for apportionment is not "a claim to recover damages for injuries to property or for personal injury caused by the tort * * * of the state”. (Court of Claims Act, § 10, subd 3; emphasis added.) It is a claim that arises upon and from the existence of a liability for injury and damages to an injured party and rests upon the relationship of the parties not as joint tort-feasors in its classical sense, but as persons subject to liability for the same injury and damages. The right to apportionment against the State exists irrespective of whether the claimant seeking apportionment has suffered any injury resulting from the alleged tort of the State.
Decisions of the courts of this State directly concerned with the Statute of Limitations question in apportionment cases under Dole have uniformly held that the appropriate Statute of Limitations in apportionment cases is not determined by looking to the underlying tort which imposes the liability that gives rise to the right of apportionment. (Winn v Bratti Assoc., 80 Misc 2d 756; Wattecamps v Artkraft Strauss Sign Corp., 75 Misc 2d 934; Sanchez v Hertz Rental Corp., 70 Misc 2d 449.) The case of Barry v Niagara Frontier Tr. System (35 NY2d 629), is not contrary to this determination. In that case, the Court of Appeals was not directly confronted with the issue of Statute of Limitations. The issue therein was whether or not section 341-a of the Village Law (requiring written notice of *432 defects in civil tort actions against a village) applied in actions for apportionment. The court concluded that the statute did apply for the specific reason that Dole did not intend to alter or expand the substantive liability of an alleged joint tortfeasor. (See Rogers v Dorchester Assoc., 32 NY2d 553.) The court in Barry (supra, p 633, in an opn authored by Jasen, J.) stated: "Since it is conceded that no prior notice of the dangerous condition was given to the village, no cause of action accrued against the village. To say that a third-party apportionment action may be brought against the village would permit indirectly what could not be done directly by the plaintiffs themselves by reason of their failure to allege compliance with the requirement of notice.” (Emphasis added.) A determination as to the appropriate limitations to be applied in claims for apportionment against the State does not have the effect of expanding the substantive tort duty owed by the State as an alleged tort-feasor to an injured party.
Therefore, the court concludes that a literal interpretation of subdivision 3 of section 10 of the Court of Claims Act does not include a claim for apportionment; that cases following Dole uniformly support this view and that a claim for apportionment thus falls within the provisions of subdivision 4, to wit: "any other claim not otherwise provided for by this section”. There are numerous cases decided since Dole which tend to indicate that the right to apportionment is, in effect, an action for indemnity or partial indemnity (Murray v Rupp Rental Corp., 39 AD2d 637; Moreno v Galdorisi, 39 AD2d 450; Winn v Bratti Assoc., 80 Misc 2d 756, supra.; Adams v Lindsay, 77 Misc 2d 824; Wattecamps v Artkraft Strauss Sign Corp., 75 Misc 2d 934, supra.; Raia v Cook, 75 Misc 2d 610; Zillman v Meadowbrook Hosp. Co., 73 Misc 2d 726; Barry v Niagara Frontier Tr. System, 76 Misc 2d 316, supra; see, also, dissenting opn of Jasen, J., in Slater v American Min. Spirits Co., 33 NY2d 443, 449). However, the court herein is not required to find that an action against the State for apportionment fits neatly within the implied contract provision of subdivision 4 of section 10 of the Court of Claims Act (as in the classic cases of full indemnity) since, whether regarded as partial indemnity or contribution (Kelly v Diesel Constr. Div. of Carl A. Morse, Inc., 35 NY2d 1), such a claim clearly fits under the catch-all provision of subdivision 4, to wit: "any other claim not otherwise provided for” and the resulting limitation is identical, to wit: "six months after the accrual of such claim”.
*433 Having determined that the six-month time period for the filing of claims (or notices of intention) applies in claims for apportionment against the State, the court now proceeds to the question as to when such a claim "accrues” under the statute.
The State contends that a claim for apportionment accrued, in this case, upon the decision in Dole, or at the latest point in time, upon the jury verdict. The claimant contends that such a claim does not accrue until payment of the judgment in the primary action. At the time of this decision, there are no appellate cases that have directly determined this issue.
Prior to the Dole decision, an action for contribution or indemnity accrued upon payment by the tort-feasor seeking such relief. (Baidach v Togut, 7 NY2d 128; Musco v Conte, 22 AD2d 121, supra.) The Dole decision itself reveals that a separate action for apportionment may be brought by a party "cast in damages” (30 NY2d 143, 148, 153, supra), but nowhere indicates that such event means "payment”. Indeed, "cast” is defined in Bouvier’s Law Dictionary (Rawle’s 3d rev) as "A term used in connection with the imposition upon a party litigant of costs in the suit” (emphasis added). Courts outside of the Court of Claims that have considered this issue since Dole have indicated that a separate action for apportionment accrues upon the jury’s verdict (Marchese v City of Albany, 81 Misc 2d 166) or when the plaintiff in such action has been compelled to pay by reason of a judgment (Zillman v Meadowbrook Hosp. Co., 73 Misc 2d 726, revd on other grounds 45 AD2d 267, supra; Winn v Bratti Assoc., 80 Misc 2d 756, supra; Wattecamps v Artkraft Strauss Sign Corp., 75 Misc 2d 934, supra) or upon payment of the judgment (Adams v Lindsay, 77 Misc 2d 84, supra; see, also, dissenting opn of Jasen, J., in Slater v American Min. Spirits Co., 33 NY2d 443, 449, supra; Nineteenth Annual Report of NY Judicial Conference, 1974, pp 229-236).
With respect to "cast in responsibility to the plaintiff by verdict” (Marchese v City of Albany, supra, p 167), although the jury verdict is a significant event (French v Merrill, 27 App Div 612), it is not until the entry of the judgment that the rights and obligations of the parties are fixed. (CPLR 5011; Liebman v County of Westchester, 71 Misc 2d 997, revd on other grounds 41 AD2d 756; Bonde v General Security Ins. Co. of Canada, 55 Misc 2d 588.) The State contends that entry of the judgment is a mere ministerial act and that adjudication *434 and fixing of liability dates back to the jury verdict, citing Cornell v Cornell (7 NY2d 164). Although entry of the judgment is a ministerial act (Humnicki v Pitkowa, 154 Misc 407), it is not unimportant for purposes of "accrual”' of a claim for apportionment. The party seeking to assert such a claim by way of a separate action must be one who is responsible for the payment of damages to an injured party. Such a responsibility is not imposed until entry of the judgment. (CPLR 5101.) Until such time, the liability neither constitutes a lien nor gives rise to enforcement proceedings, with the exception of prejudgment examination and restraining proceedings (CPLR 5229).
With respect to the State’s assertion that the claimant could have filed her claim immediately after the Dole decision, counsel for the State has failed to distinguish between third-party actions and counterclaims in the primary action and the procedural alternative of a separate action. Counsel cites Valentino v State of New York (44 AD2d 338, 340) for the proposition that an apportionment claim " 'is no longer merely inchoate prior to entry of a joint judgment against them and its payment by him’ and that his right to an adjudication of this issue 'exists at the time the main action is tried’ ”. Both the Valentino case and the case cited therein— Stein v Whitehead (40 AD2d 89) — are inappropriate to the instant situation. In Stein v Whitehead (supra), the issue was whether a codefendant held liable had standing to appeal the dismissal of the complaint as to the other codefendant. The court held that standing did exist; that the right to an adjudication as to apportionment exists at the time the main action is tried since Whitehead could have cross-claimed against the codefendant and the jury could have apportioned the responsibility; and that, as a result, Whitehead was a party aggrieved by the dismissal. In Valentino v State of New York (supra), the estate of a passenger in a vehicle and the operator of that vehicle both filed claims against the State for negligence. Subsequently, the trial court ordered a joint trial of the two claims. The State then sought to file a counterclaim for apportionment against the claimant operator. The court determined that the counterclaim was not premature and that the right to an adjudication exists at the time the main action is tried. In Judge Jasen's dissenting opinion in Slater v American Min. Spirits Co. (33 NY2d 443, 449, supra) it was stated, "Impleader is merely the procedural vehicle by which *435 a cause of action for indemnification may be asserted before it actually accrues * * * Its purpose is to merely avoid circuity of action and multiplicity of lawsuits and to encourage economic and expeditious determination of all claims at one time, [citations omitted.] Consequently, as a general rule, at any time during the pendency of the prime action, a defendant should be permitted to seek an apportionment of damages.” (Emphasis added.)
The determinations in Stein (supra) and Valentino (supra) simply give effect to this reasoning and follow the procedural alternatives set forth in Dole.
That this was the intention and result of the Dole case has now been given expression by the Legislature at the behest of the Judicial Conference, the former enacting into law, CPLR 1403, effective September 1, 1974, to wit: "§ 1403. How contribution claimed. A cause of action for contribution may be asserted in a separate action or by cross-claim, counterclaim or third-party claim in a pending action.” (Emphasis added.)
The commentary of the Judicial Conference in recommending the quoted statutory codification (CPLR art 14) is helpful on both the issues of a separate action as well as the time of "accrual” of a claim for contribution against the State. "A separate action may be necessary where the person against whom contribution is sought is not subject to jurisdiction in the court in which the primary action has been brought. It may also be necessary in those cases in which the existence of a wrongdoer who is subject to liability for contribution is not discovered until after the primary action has been completed” (Twentieth Annual Report of NY Judicial Conference, 1975, p 221; emphasis added).
In the instant situation, the only procedural vehicle open to the claimant in asserting her right to apportionment is by way of a separate action. Impleader, vouching-in, counterclaim, etc., were all unavailable in the primary action in Supreme Court since the liability of the State can only be determined in the Court of Claims and could not be determined by the jury in the primary action. (McCorkle v Degl, 74 Misc 2d 611.) Thus, during pendency of the main action (O’Sullivan v La Buda), the claimant had no "right to an adjudication” within the meaning of Stein (40 AD2d 89, supra) or Valentino (44 AD2d 338, supra). She, by necessity, had to wait until judgment (if any) against her and then, being "cast in damages”, commence her action for apportionment. Under *436 such circumstances, the claim does not accrue, at the earliest point in time, until the claimant has been compelled by the entry of judgment to respond in damages. (Winn v Bratti Assoc., 80 Misc 2d 756, supra; Wattecamps v Artkraft Strauss Sign Corp., 75 Misc 2d 934, supra; Sanchez v Hertz Rental Corp., 70 Misc 2d 449, supra.)
The decision in Bronxville Palmer v State of New York (36 AD2d 647) is further supportive of this conclusion. The Appellate Division determined that the words "claim accrued” under the statute were not identical with the expression "cause of action accrued” and a claim should be deemed to accrue when the damages accrue, i.e., when the extent of damage can be ascertained. The Appellate Division stated (p 648): "Thus, where a continuing injury or other circumstance prevents an evaluation of damages at the time of the occurrence of the wrong, the time for filing a claim does not begin to run until such an evaluation can be made.” The "event” giving rise to an action for apportionment (as distinguished from the underlying tort) occurs when a tort-feasor is "cast in damages”; this arises upon the imposition of liability, and liability for this purpose is imposed by and upon the entry of a judgment. It is only at such time that the extent of damages can, for the first time, be ascertained. Further, the damages as to which apportionment may be sought are nonexistent unless the liability of the joint tort-feasor is determined and until then, or unless so determined, are nonexistent.
This court is aware of Judge Quigley's decision in Gates-Chili Cent. School Dist. and Helen L. Knaak v State of New York (Claim Nos. 58181, 58204, 58214, motion No. M-17243 [Ct of Claims, May 6, 1975; notice of app to App Div, Fourth Dept, filed on June 2, 1975]), wherein it was determined (p 4) that "it would be an undue burden on the defendant and prejudicial to now require the defendant State of New York to defend a negligence action which is over five years old.” Although there may be occasions when the accrual of such claims for purposes of Statute of Limitations may be burdensome and perhaps even prejudicial and while the purpose of such a statute is to prevent the assertion of stale claims, the possible "burden” or "prejudice” cannot be asserted so as to defeat an action commenced within the time specified by law. "A Statute of Limitations is not open to discretionary change by the courts, no matter how compelling the circumstances”. (Arnold v Mayal Realty Co., 299 NY 57, 60.) The provisions of a *437 Statute of Limitations are to be strictly construed (including Court of Claims Act, § 10). Although such a construction may on occasion result in hardship, the remedy lies with the Legislature and not the courts.* (Kinner v Board of Educ., Cent. School Dist. No. 1, 6 AD2d 204, affd 9 NY2d 845.) The implication of the Gates-Chili decision would be the probable elimination of all claims for apportionment by way of separate action by a party "cast in damages” in the primary action. This could not have been the intent of the Court of Appeals when it decided Dole; nor the sense of the legislative action in revising CPLR article 14 in 1974 as hereinbefore discussed. In any event, no such prejudice can be shown in the instant claim. The personal injury claim of James O’Sullivan (Claim No. 53706) and the personal injury claim of Linda La Buda (Claim No. 53783) were both filed within 90 days of the accident, thus giving the State notice of the essential facts alleged to have constituted its negligence. The State could have, immediately after the Dole decision, interposed a counterclaim in the La Buda claim relative to apportionment of any joint tort-feasor liability found in the O’Sullivan claim. (Valentino v State of New York, 44 AD2d 338, supra.) Thus, the State has suffered no prejudice or hardship by the filing of this claim (No. 59044) for apportionment. Further, it is noted that Judge Quigley made no express determination as to the appropriate Statute of Limitations or the accrual of a claim thereunder although the clear implication of his decision would point to an accrual at a time prior to payment of the agreed settlement and adoption of the 90-day limitations period of the Court of Claims Act. To the extent that this is indeed the implication, this court respectfully disagrees.
Thus, the court is left with two alternatives as to the time when the instant type claim for apportionment accrues against the State, to wit: entry of judgment or payment.
This court is of the opinion that payment of a judgment is *438 not a jurisdictional prerequisite to the institution of a claim for apportionment against the State. Numerous reasons are supportive of this conclusion. First and foremost, the Dole decision creates the separate action for apportionment by a party "cast in damages” — a status achieved when responsibility to pay damages is imposed, to wit: entry of a money judgment. Also, Dole permits the assertion of cross claims, counterclaims or third-party claims for apportionment in the primary action without the prerequisite of payment. This was not so as to pre-Dole claims for contribution or indemnity, and the theoretical bases necessitating payment in classic contribution or indemnity cases have been eliminated insofar as procedure is concerned. Proof that payment has been made is essential only as a prerequisite to a judgment directing payment of contribution and is not a prerequisite to the assertion of a cause of action. (2A Weinstein-Korn-Miller, NY Civ Prac, par 1402.01.) Further, two appellate court decisions relative to apportionment claims in the Court of Claims both serve to indicate that payment is not a jurisdictional prerequisite. In Valentino v State of New York (44 AD2d 338, supra), the Appellate Division, Third Department, has held that the Court of Claims can determine tort-feasor liability and apportion responsibility and damages in cases where all tort-feasors are before the court. Proof of payment is not essential to such a determination or apportionment. In Bartlett v State of New York (40 AD2d 267), the Appellate Division, Fourth Department, held that the Court of Claims could only make a joint tort-feasor liability determination as far as the State is concerned and that the apportionment of damages would be a jury determination in a subsequent action. In such an instance, payment would not seem to be a jurisdictional prerequisite to a determination of liability alone. While not determinative, public policy further supports the conclusion herein. It has already been demonstrated that a separate action against the State for apportionment could conceivably be instituted five or six years after the event allegedly giving rise to liability occurred, and the State would be put on notice for the first time upon the institution of that separate action. (Gates-Chili Cent. School Dist. and Helen L. Knaak v State of New York, supra.) To further delay the accrual and filing of claims under the Court of Claims Act by the possibility of motions addressed to judgments, appeals and cross appeals therefrom to the State’s appellate tribunals and perhaps to Federal appellate courts would result in further "notice” *439 delay to the State of several years which, by its very recognition, is so overbearing in prejudice that it can neither be countenanced nor permitted. When viewed in this light, the "cast in damages” language in the Dole decision takes on even greater significance and commands the conclusion that payment is not the operative event that "triggers” accrual of the claim.
In view of the foregoing, the court concludes that, since the judgment against La Buda was entered on March 26, 1973, this claim for apportionment has been timely filed under subdivision 4 of section 10 of the Court of Claims Act and defendant’s motion to dismiss for alleged failure timely to file should be and is denied.
claim no. 59044; motion no. 17101: motion to dismiss— FAILURE TO STATE A CAUSE OF ACTION
The State also seeks to have this court dismiss the instant claim for what it contends is a failure to state a cause of action. The basis for its contention is that the Dole case did not intend to overrule the traditional indemnity action in a separate suit by a tort-feasor and thus the active-passive dichotomy is still alive and pertains to this claim; that the doctrine of vicarious liability applies herein; and that Dole did not alter the existing substantive duties of the parties.
The conclusion offered and based upon this argument is without merit. If followed to a logical conclusion, the State is essentially contending that no right of apportionment exists against the State.
Critical to the State’s argument are three unacceptable propositions, to wit: (1) that, under Dole, a claim for apportionment or partial indemnification cannot be maintained by way of a separate suit; (2) that, in separate suits for apportionment or partial indemnification, the active-passive dichotomy applies and further, that the alleged negligence of the State herein is passive and the liability is vicarious; and (3) that, Dole did not expand the substantive duty of the State to injured parties and, therefore, does not permit recovery for passive negligence alone in apportionment or partial indemnification cases.
With respect to the argument that the right of apportionment cannot be asserted by way of a separate suit, the clear and precise language of the Dole decision not only permits, but compels such a result: "Although, as in Westchester Light. *440 Co. (278 NY 175, supra), an apportionment of responsibility could be pursued in a separate action by the party cast in damages”. (Dole v Dow Chem. Co., 30 NY2d 143, 153.) This was codified by the enactment in 1974 of CPLR 1403 above-quoted. The right is now statutorily recognized in CPLR article 14 and is termed a claim for contribution and exists where two or more persons are subject to liability for damages for the same personal injury, injury to property or wrongful death. Further, the claim may be asserted irrespective of whether an action has been brought or judgment rendered against the person from whom contribution is sought. (CPLR 1401.)
Nothing in the court’s decision in Dole or its progeny serves to negate the right to apportionment by way of separate suit. Indeed, the numerous cases cited above in this decision clearly reflect the existence of such a right. The cases cited by counsel for the State do not serve to support his position. The decision in Zillman v Meadowbrook Hosp. Co. (73 Misc 2d 726, supra) does not hold that a separate action may not be maintained to assert the right of apportionment. The Zillman case dealt with the validity of a third-party action. Reference in counsel’s brief, to Pell v Mistrulli (NYLJ, Sept. 27, 1972, p 21, col 4), is grossly taken out of context. In that case, the court (Gagliardi, J.) determined that based upon the present state of the pleadings, apportionment would not apply to the separate actions.
Further, simple logic compels the conclusion that claimant herein may maintain this separate action. In Kelly v Long Is. Light. Co. (31 NY2d 25, 29), the court stated, "We believe the new rule of apportionment to be pragmatically sound, as well as realistically fair.” The State urges herein that it is "realistically fair” to permit one alleged joint tort-feasor — the State —the right to seek apportionment by counterclaim (Valentino v State of New York, 44 AD2d 338, supra) and at the same time, deny the other alleged joint tort-feasor that same right by the only procedural means available to her — a separate action against the State in the Court of Claims. (Don Quixote might have appreciated such realism, but this court does not.) This court prefers to follow the unambiguous language of Dole itself, wherein it is stated (pp 148-149):
"The conclusion reached is that where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the *441 responsibility for that part is recoverable by the prime defendant against the third party. To reach that end there must necessarily be an apportionment of responsibility in negligence between those parties.
"The adjudication is one of fact and may be sought in a separate action [citation omitted] or as a separate and distinguishable issue by bringing in the third party in the prime action pursuant to CPLR 1007.” (Emphasis added.)
As to the continued existence of active-passive negligence distinctions, counsel has misunderstood the court’s language in Kelly v Long Is. Light. Co. (31 NY2d 25, 30, supra) wherein the court stated: "It should, of course, be understood that this refinement of the rule of contribution does not apply to or change the plaintiff's right to recover against any joint tortfeasor in a separate or common action the total amount of his damage suffered and not compensated. We are only concerned here with the right of contribution between two or more joint or concurrent tort-feasors. Nor, for example, are we concerned with issues involving vicarious liability, to which the active-passive dichotomy classically and appropriately belonged.” (Emphasis added.) This language simply stands for the proposition that classic or full indemnity claims are not affected by the Dole decision and that, as to such claims, full indemnity is still dependent on the active-passive dichotomy. Nothing in this court’s decision serves to undermine the meaning or intent of that language. Westchester Light. Co. v Westchester County Small Estates Corp. (278 NY 175) involved a situation wherein a tort-feasor was found liable to the estate of a deceased employee and paid upon a judgment. Thereafter, the defendant brought suit for indemnity claiming that its negligence was passive only, and the Court of Appeals found that the complaint stated a cause of action. The same procedural situation applies here. The claimant seeks to recover that portion of the judgment paid in proportion to and for which she claims the State contributed to the injury giving rise to that judgment. The basis for recovery is the relative responsibility of alleged joint tort-feasors or wrongdoers contributing to the same injury, a basis made possible by Dole and now statutorily recognized. (See, also, Commentary Twentieth Annual Report NY Judicial Conference, 1975, pp 213-218.)
Where a party asserts that its liability is passive only due to the theory of vicarious liability or imputed negligence, the Dole refinement does not apply and the defendant thus found *442 liable is left with the classic full indemnity suit based on the active-passive dichotomy. The Dole refinement does apply where the negligence of an alleged joint and concurrent tortfeasor, albeit entirely passive, is alleged to have shared in the causation of the injuries and damage giving rise to the apportionment-seeker’s liability. In Rogers v Dorchester Assoc. (32 NY2d 553, 564, supra), the Court of Appeals stated that apportionment "applies when two or more tort-feasors have shared, albeit in various degrees, in the responsibility by their conduct or omissions in causing an accident, in violation of the duties they respectively owed to the injured person.” (Emphasis added.) This language was reiterated by the same court in Barry v Niagara Frontier Tr. System (35 NY2d 629, 633, supra). In DeWitt Props. Assoc. v City of New York (47 AD2d 300), the codefendant, City of New York was held liable on cross claims for apportionment even though the negligence the court indicated could be inferred consisted of omissions— the failure to inspect a water line and the failure to have an inspector present during an installation. The Appellate Division cited both Barry (supra) and Rogers (supra) as authorities. The court notes further that the claim herein alleges both active and passive acts of negligence and further recites that it is a claim "for indemnification or apportionment pursuant to the case of Dole v Dow Chemical Co. ”. The alleged acts of negligence relate to affirmative duties owed to persons who utilize the highways of this State and clearly do not relate to the situation of vicarious liability or imputed negligence. Therefore, the remaining contentions of the State have no merit. The claim herein states a cause of action for apportionment against the State within the meaning and intention of both Dole and CPLR article 14.
Therefore, it is the decision of this court that the motion of the State to dismiss Claim No. 59044 for the alleged failure to state a cause of action must be and the same hereby is denied.
[Portions of opinion have been deleted.]

 In this regard, the court notes that a special study commissioned by the Judicial Conference and prepared by Professor M. E. Occhialino of the Syracuse University College of Law recommended a one-year Statute of Limitations to commence on the date when the party seeking apportionment was sued in the primary action. (Nineteenth Annual Report of NY Judicial Conference, 1974, pp 231-233.) This specific recommendation was not forwarded to the Legislature when the Judicial Conference proposed procedural amendments to the CPLR relative to Dole type apportionment claims the next year (Twentieth Annual Report of NY Judicial Conference, 1975, pp 211-227) nor have any express changes to the CPLR provisions of article 2 been enacted.